## Aspinwall v. Blake.

Interest: UPON INTEREST. While interest may be recovered upon an installment of interest due by express contract (*Mann* v. *Cross*, 9 Iowa, 328), it cannot be in the absence of contract upon interest falling due and not paid at the maturity of the principal. The interest, in such case, is a mere incident to the principal, and the general rule is not changed by section 1787 of the Revision, nor by *Mann* v. *Cross* (*supra*).

*Appeal from Wapello District Court.*

THURSDAY, JULY 23.

THIS is a proceeding upon an agreed statement of facts, under section 3408 of the Revision. Judgment for defendant. Plaintiff appeals.

*Stiles, Hutchinson & Dixon* for the appellant.

*Hendershott & Burton* and *Perry & Townsend* for the appellee.

BECK, J. — The single question presented for determination in this case arises upon the following facts: Defendant's intestate was indebted upon a promissory note due in two years, with interest at the rate of ten per

centum per annum from the date thereof. The note had been for a long time mature when this proceeding was instituted. Plaintiff claims that the interest accrued at the maturity of the note, draws interest at the rate of six per centum per annum, and seeks in this proceeding to recover such interest upon the amount of the interest of the note at its maturity.

The time when the interest upon a contract is due and recovorable may be fixed by the parties thereto, and is under their control. But if no time be fixed for its payment, it can be recovered only with the debt and not separately. Yet it is not in fact a part of the debt in the sense in which that word is here used. While the debtor's obligation to pay the interest at the maturity of the principal debt may be as great as to pay the principal itself, yet he has contracted to pay interest upon the principal only, and the law will not raise an implied contract binding him to pay interest upon interest after the principal becomes due.

The law may permit the recovery of compound interest under special contract, or, in a case where the time of the payment of interest is fixed by contract, will enforce the payment of interest thereon from its maturity, yet it will not imply such contracts in the absence of express stipulations. While such contracts may be enforced, they are not so favored by the law that their existence will be presumed. Nor will interest be allowed as damages for the non-payment of interest in the absence of express contract. See 2 Parsons on Contracts, 380, 382; 1 Am. Leading Cases, 496, 522.

Section 1787 of the Revision, and the case of *Mann* v. *Cross* (9 Iowa, 328), relied upon by appellant, do not change these rules.

The judgment of the District Court is

Affirmed.