## Lucius L. Lanier *vs.* John R. Irvine & others.

### April 15, 1875.

Condition of Administrator's Bond.—An administrator's bond, which, after reciting the issue of letters of administration upon all and singular the estate of the decedent, is conditioned that the administrator "shall well, truly and faithfully administer upon said estate," sufficiently complies with the provisions of Pub. Stat., ch. 41, § 2, and ch. 42, § 4, respecting the condition of an administrator's bond.

Appeal by defendants from an order of the district court for Ramsey county, *Wilkin*, J., presiding, overruling a demurrer to the complaint.

*Davis & O'Brien*, for appellants, cited *Barnard* v. *Viele*, 21 Wend. 88; *Dixon* v. *U. S.*, 1 Brock. 177; *U. S.* v. ——, 1 Brock. 195; *Com.* v. *Laub*, 1 Watts & Serg. 261.

*Chas. E. Otis*, for respondent.

BERRY, J. This is an action upon an administrator's bond. The only point made by defendants, upon this appeal, which we need consider, is that the bond is void, because it is not conditioned in accordance with the requirements of the statutes in force at the time of its execution.

The statutory provisions referred to (Pub. Stat. ch. 41, § 2; ch. 42, § 4,) required an administrator to give a bond conditioned "to make and return to the probate court, within three months, a true and perfect inventory of all the goods, chattels, rights, credits and estate of the deceased, which shall come to his possession or knowledge, or to the possession of any other person for him; to administer according to law * * * all his (the intestate's) goods, chattels, rights, credits and estate, which shall at any time come to his possession, or to the possession of any other person for him; and out of the same to pay and discharge all debts, legacies and charges chargeable on the same, or such dividends thereon as shall be ordered and decreed by the probate court; to render a just and true account of his administration to the probate court, within one year, and at any other time when required by such court; to perform all orders and decrees of the probate court by" the administrator "to be performed in the premises." The bond in suit, after reciting the issue of letters of administration upon all and singular the estate of the decedent, is conditioned that the administrator "shall well, truly and faithfully administer upon said estate, and well, truly and faithfully account for all moneys, goods, chattels, rights, credits and estate, of every nature, and do and perform all other lawfully required acts and things in the premises."

The condition of an administrator's bond, prescribed by the statutes before cited, contains an enumeration of many —perhaps all—the duties of an administrator. The bond is required and given for the purpose of securing the performance of the duties thus enumerated. Now, the functions of an administrator being, *ex vi termini*, to administer, "to well, truly and faithfully administer" is to fulfil the functions of an administrator, or, in other words, to perform his duties. The bond in suit is, then, in substance and effect, conditioned for the performance of all the duties for the performance of which a bond, in strict and literal compliance with the language of the statute, would be conditioned.

There would therefore appear to be no reason why it does not, in every substantial respect, accomplish the purpose of a bond pursuing the very words of the statute, and therefore no reason why it should not be held sufficient. *State* v. *Findley*, 10 Ohio, 51; *Farrar* v. *U. S.*, 5 Peters, 372; *Probate Court* v. *Strong*, 27 Vt. 202; *U. S.* v. *Hodson*, 10 Wall. 395.

Order overruling demurrer affirmed.