[No. 8,292. Department Two.—February 2, 1884.]

## ESTATE OF ORPHA JAMES, Deceased, OLIVER P. JAMES et al., Appellants, and J. H. JAMES, Respondent.

Will.—Construction—Legacy—When Payable—Interest.—A legacy which the testator directs to be paid out of the first money realized from the estate, when the amount shall come into the hands of the executors after the payment of all of the testator's debts and funeral expenses, does not become due and payable, and consequently does not bear interest, until after the debts and funeral expenses have been paid.

Appeal from a judgment of the Superior Court of the county of Solano.

The appeal is from that portion of a decree of final distribution which allowed the respondent interest upon his legacy after the expiration of one year from the death of the testatrix. The other facts appear in the opinion of the court.

*J. F. Wendell*, and *O. R. Coghlan*, for Appellants.

*Geo. A. Lamont*, for Respondent.

The Court.—The will of Orpha James contains this provision:—

" I give and bequeath to my eldest son, John Harvey James, five thousand dollars ($5,000), to be paid to him by my executors hereinafter named, out of the first moneys realized from my estate when that amount shall come into their hands after the payment of all my just debts and funeral expenses; and in case that amount is not realized from my estate, then I give and bequeath the whole amount realized to him, and in the event of the death of my said son, John Harvey James, before I die, then I leave the portion bequeathed to him in this testament and will to his lawful children."

The court below held that this legacy became due and deliverable at the expiration of one year after the testatrix's decease, and consequently bore interest from that date. We think the testatrix's express intention was that it should not become due and payable until after her debts and funeral expenses had been paid. As we construe the language of the will, it was to be paid out of the first moneys realized from the estate after the

payment of said debts and funeral expenses. This being the only question presented on this appeal, it follows that so much of the decree as awards $962.50 interest to respondent on said legacy of $5,000 must be reversed; and it is so ordered.