ANNA C. HUNTSMAN *vs.* SANFORD A. HOOPER and others.

June 9, 1884.

**Estates of Decedents—Executor's Bond—Failure to Pay Legacies.—**
An executor or administrator and his sureties cannot be charged by a suit with a breach of the condition of the administration bond in respect to paying legacies until there shall have been an order or decree of the probate court directing payment, and a failure to comply therewith.

This action arose out of matters connected with the estate of D. A. Huntsman, deceased, mentioned in the foregoing case of *Balch* v. *Hooper*, *ante*, p. 158. The resignation of defendant Hooper as administrator of the estate was accepted by the probate court of Scott county and his final account adjusted as stated in *Balch* v. *Hooper*. By his will, the decedent, after making certain legacies, gave and bequeathed the residue to his five children, in the manner stated in the opinion, to be paid over to each child on his becoming of age. Plaintiff, one of the children of decedent, being of age, brought this action in the district court for Hennepin county against defendant Hooper and the sureties on his bond as administrator with the will annexed, to recover one-fifth of the balance found by the probate court to be in the hands of defendant Hooper, as administrator. The action was tried by *Koon*, J., without a jury, and judgment ordered for plaintiff. A new trial was denied, and the defendants appealed.

*Brown & Hawkins* and *Geo. B. Young*, for appellants.

*Daniel Fish*, for respondent.

MITCHELL, J.[1] Among the provisions of the statute regarding the administration of estates are the following: After the return of the report of the commissioners, and at or before the expiration of the time limited for the payment of debts, the probate court shall make an order or decree for the payment of debts and the distribution of assets among creditors. Gen. St. 1878, *c.* 53, § 39. If the whole debts are not paid by the first distribution, and other assets come into the hands of the administrator, the court may make a further decree

[1] Dickinson, J., because of illness, took no part in this decision.

of distribution.   Chapter 53, § 42.   Whenever a decree is made for
the distribution of assets among creditors, the executor, *after* the time
of payment arrives, shall be liable to the creditors personally, or on
his bond, for their debts, or the dividend thereon, to the extent of the
assets in his hands applicable thereto.   Chapter 53, § 43.   After the
payment of the debts, funeral charges, and expenses of administra-
tion, and after the allowance made for the expenses of the mainte-
nance of the family of the deceased, and for the support of the child-
ren under seven years of age, and after the assignment to the widow
of her dower, and of her share in the personal estate, the probate
court shall, upon the application of the executor or administrator, or
any other party having an interest in the estate, by a decree for that
purpose, assign the residue of the estate to such other persons as are
by law entitled to the same; and in such decree the court shall name
the persons, and the proportions or parts to which each is entitled;
and such persons may demand and recover their respective shares
from the executor or administrator, or any other person having the
same.   Chapter 56, § 4.   That "persons by law entitled to the same"
include legatees and devisees, as well as heirs and next of kin, is evi-
dent from what immediately follows.   Legatees are expressly named
in the following part of the same section.   Section 5 provides that
no heir, *devisee*, or *legatee* is entitled to a decree for his share until
payment of debts and expenses mentioned in section 4.   Section 6
provides for a partition when the estate has been assigned to two or
more heirs, *devisees*, or *legatees* in common.   It will be observed that
the statute, after directing the assignment of the estate to heirs, lega-
tees, etc., by a decree naming them and their shares, then provides
that *such persons* (*i. e.*, the persons named in the decree) may de-
mand and recover their respective shares from the executor or admin-
istrator.   A creditor can sue on the administration bond to recover
the amount due him only after the amount has been ordered paid by
a decree of distribution.   Chapter 55, § 3.   The next of kin can only
maintain such an action after a decree of the probate court declaring
the amount due him.   Chapter 55, section 4.   It is true, neither of
the sections last cited mentions legatees.   The explanation of this,
we apprehend, is that they were copied from some state—probably

in New England—in which a probate court had no jurisdiction of the payment of legacies. But other provisions of the statute render it clear that it was not intended to establish any different rule for legatees from that for creditors and next of kin. There is just as much reason for requiring a decree for the payment of a legacy as for the payment of a debt, the amount of which has already been conclusively determined.

From these and other provisions that might be referred to, we think that the manifest theory of our statutes governing the administration of estates, is that the rights and claims of all persons interested in the estate of a decedent are to be determined and passed on, in the first instance, by the probate court; and that all moneys, whether to creditors, legatees, or next of kin, are to be paid out of the estate upon order or decree of that court first duly made; that the duty of an executor or administrator to pay either debts, legacies, or distributive shares, does not become active and operative, so that he can be charged with a breach of the conditions of his bond in that behalf, until there has first been an order or decree of the probate court directing payment, and a failure upon demand to comply with it. We do not mean that a payment without such an order would not be valid, if, in itself, a proper payment, and such as the court would have decreed. What we mean is that, until there has been such an order, neither the representative nor his sureties can be charged with a breach of the conditions of the bond. This is the rule in other jurisdictions having similar or analogous probate systems. *Probate Court* v. *Kimball*, 42 Vt. 320; *Loring* v. *Steineman*, 1 Met. 204; *State* v. *Stafford*, 73 Mo. 658.

The case of *Berkey* v. *Judd*, 31 Minn. 271, is in harmony with this view. What was there decided was that upon appeal from the order of the probate court, refusing to order a claim paid, the judgment of the district court, directing its payment, stood as the judgment of the probate court.

The facts of the present case forcibly illustrate the objections to any other rule than the one we have suggested. The decedent, in his will, after making certain specific legacies, and giving a certain share of his property to his widow, gave and bequeathed the remainder to

his children, five in number, as residuary          ees, and directed his
executors to invest it in bonds, and to expend ᴗ ᵎ much of the income
as might be necessary for the maintenance and benefit of the children
during their minority, as the necessities of each might require, and
then pay over to each his share on his attaining the age of 21 years.
In making an order or decree directing the payment to one of these
children of his distributive share as such residuary legatee, and fix-
ing the amount of the same, the court would have to ascertain, not
only whether the debts, costs of administration, and specifiç legacies
had all been paid, but also how much had been expended for the
benefit of such child during minority, which might be either more or
less than the amounts expended for the benefit of the others.    These
are questions pertaining to the administration of estates that are
peculiarly within the jurisdiction of the probate court.   If this action
can be maintained by the plaintiff, as legatee, without any previous
decree of distribution by the probate court, the district court would
necessarily have to pass upon all these questions, thereby virtually
assuming original jurisdiction over the administration of estates.

We attach no importance to the fact that the word "legacies" has
been omitted from the bond.  If Hooper failed in his duty in not paying
over this money to plaintiff, this would be covered by the condition that
"he will well and truly administer." *Lanier* v. *Irvine*, 21 Minn. 447;
*Balch* v. *Hooper*, *ante*, p. 158.   But the absence of any order or decree
of the probate court directing payment of this money to plaintiff is
fatal to her right of action.  Whether the probate court may yet make
such an order.to Hooper, or whether the administrator *de bonis non,*
who has superseded him, must collect the money, to be by him ad-
ministered according to law, it would be premature now to consider.
In view of what has been decided in the case of *Balch* v. *Hooper*, it
is evident that defendant Hooper has in his hands this amount of
money belonging to the estate which he has no right to retain, and
which he and his sureties are bound to account for.   All questions
except those of practice involved in this controversy having been set-
tled, it is to be presumed that the matter will be adjusted without
further litigation.   From the record before us it would seem that this
estate has not been administered entirely with regard to the provis-

ions of decedent's will or the interests of his family,—the estate having been kept in a state of chronic litigation, and a large share of it absorbed in fees and costs; a state of things not calculated to reflect credit upon the administration of justice. It is to be hoped that these children may hereafter be allowed the benefit of what is left of their father's property without further litigation.

Order reversed.

---

[1] Dickinson, J., because of illness, took no part in this decision.