## ALBERTHA DRAKE v. CHARLES L. DRAKE AND ANOTHER.[1]

May 6, 1921.

No. 22,306.

**Action on bond — judgment on the pleadings.**

In an action upon a statutory bond, executed under the provisions of section 8667, G. S. 1913, as amended by chapter 213, Laws 1917, *held* that the answers raised no issue which required proof to entitle plain-

[1]Reported in 182 N. W. 717.

tiff to judgment, and that the motion for judgment on the pleadings and record was properly granted.

Action in the municipal court of Minneapolis against Charles L. Drake and Royal Indemnity Company, surety on his bond, to recover $545 balance alleged to be due for support of plaintiff, his wife. The motion of plaintiff for judgment on the pleadings was granted, Reed, J. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Eugene S. Bibb*, for appellants.

*Brady, Robertson & Bonner*, for respondent.

QUINN, J.

The defendant Drake was, on February 11, 1919, convicted of failing to furnish proper food, clothing and support to his wife, without lawful excuse, in the municipal court of Minneapolis. In connection therewith the court determined and ordered that he execute a bond to the state of Minnesota, in the amount of $1,000, with surety to be approved by the court, under the provisions of section 8667, G. S. 1913, as amended by chapter 213, p. 308, Laws of 1917. On June 15, 1920, said defendant executed a bond in accordance with such order of the court, with the defendant Royal Indemnity Company as surety, which bond was duly approved and filed by the court. The here material provisions of the bond are as follows:

"The condition of this obligation is such that whereas the above named defendant was adjudged guilty of nonsupport of his wife, Albertha Drake, in the above entitled action, and whereas the above-named court ordered this defendant to provide a bond in the sum of one thousand dollars for the guarantee of the support of his said wife for a period of thirty-six months after the 11th day of February, 1919;

"Now, therefore, if the said defendant, Charles L. Drake, shall support his said wife at all times before the 11th day of February, 1922, to the best of his ability according to law, at the rate of $20.00 per week, then this obligation shall be void; otherwise to remain in full force."

On January 11, 1921, the present action was brought to recover the sum of $2,000 for the first 100 weeks of the time mentioned in the bond,

less $1,455 paid at intervals thereon.   It is alleged in the complaint that
at the time of the commencement of this action there had become due
and payable on such obligation, the sum of $2,000 less the sum of $1,455
paid thereon, leaving a balance of $545 due the plaintiff on account of
her support.   The answers admit the conviction of defendant, the execu-
tion and filing of the bond and its approval by the court, and affirmative-
ly set forth that the appellant Drake has at all times supported respon-
dent to the best of his ability according to law, and that by reason there-
of the bond is void.   Then follows a denial that the sum of $2,000 has
ever become due plaintiff thereon and a general denial of all matters
set forth in the complaint not admitted in such answers.   The answers
contain no allegation of payments.   The plaintiff moved for judgment
on the pleadings which was granted, and judgment was so entered from
which this appeal was taken.

It is contended on behalf of defendants that Drake has at all times
here in question provided for plaintiff to the best of his ability according
to law, and has given to her practically his total income, and that by rea-
son thereof the bond has become void.   It is nowhere contended that
more has been paid to plaintiff than is stated in the complaint.   Sixty-
nine weeks elapsed before the filing of the bond, during which time the
payments provided for amounted to $1,380.   The sum of $1,455 had
been paid.   Applying the payments upon the first instalments due, there
were no arrears at the time of the filing of the bond.   It is therefore un-
important whether the bond was retroactive in its effect or not.   The
instalments sought to be recovered in this action became due subsequent
to the filing of the obligation.   If it were claimed that further payments
had been made, the fact should have been pleaded in the answers.   The
condition of the bond, when considered in connection with the circum-
stances and in view of the provisions of the statute, clearly provides
for the payment of a specified sum of money at stated intervals during
the time covered thereby for the support of the plaintiff.   The material
provision of the statute is as follows:

"But if any person convicted under this section gives bond to the
state, in such amount and with such sureties as the court prescribes and
approves, conditioned to furnish the wife or child with proper food, shel-
ter, clothing and medical attendance for such a period, not exceeding five

'years, as the court may order, judgment shall be suspended until some condition of the bond is violated. The bond may, in the discretion of the court, be conditioned upon the payment of a specified sum of money at stated intervals."

A condition in a statutory bond which conforms substantially with the language of the statute is sufficient. Lanier v. Irvine, 21 Minn. 447. The bond under consideration is conditioned for the support of the plaintiff at the rate of $20 per week, which conforms substantially with the language of the statute. The bond was executed for the purpose of complying with the statute. The obligation thereby created should neither be extended nor restricted, but construed in connection and in harmony with the statute, unless the language of the bond necessarily prevents such a construction. The pleadings raise no issue requiring proof to entitle plaintiff to recover.

Judgment affirmed.