CLARENCE E. WILEY v. ERNEST H. LOCKWOOD, EXECUTOR OF THE ESTATE OF FREDERICK LOCKWOOD, DECEASED.[1]

February 10, 1922.

No. 22,653.

**Payment of legacy.**
  1. Payment of a legacy cannot be legally demanded until the probate court has ordered it to be paid.

**When legacy bears interest.**
  2. A legacy does not bear interest until payment may be legally demanded, unless the will makes a different provision for interest.

Ernest H. Lockwood, executor of the estate of Frederick Lockwood, deceased, being aggrieved by the order of the probate court for Big Stone county, directing him to pay to Clarence E. Wiley interest on the sum of $5,000 from November 18, 1917, at the rate of 5 per cent per annum, appealed to the district court for that county where the appeal was heard by Flaherty, J., who made findings and as conclusions of law found that said Wiley was entitled to interest

[1] Reported in 186 N. W. 699.

on $5,000 from June 26, 1919, to June 21, 1920. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*A. B. Kaercher*, for appellant.

*Cliff & Purcell*, for respondent.

TAYLOR, C.

Frederick Lockwood died November 18, 1917, and by his will bequeathed the sum of $5,000 to his grandson, Clarence E. Wiley. The will was admitted to probate December 24, 1917, and letters testamentary were issued to the executor therein named January 4, 1918. The present controversy was submitted to the court below on a stipulated statement of facts in which it is stated that the only question in dispute is whether the legatee is entitled to interest on his legacy from the date of the death of the testator or only from June 26, 1919, the date on which certain litigation relating to the estate had been finally terminated and settled. The legacy was not involved in the litigation and the executor at all times had sufficient funds in his hands to pay all claims against the estate and all legacies.

On December 18, 1919, the legatee made a petition to the probate court for an order directing the executor to pay the legacy with interest thereon from November 18, 1917. On January 17, 1920, the probate court made an order directing the executor to pay the legacy forthwith together with interest thereon from November 18, 1917. The executor appealed to the district court. Thereafter and before hearing on the appeal, the principal of the legacy was paid and accepted by agreement between the parties without prejudice to the claim for interest. When the appeal came on for hearing, the executor conceded that the legacy bore interest from June 26, 1919, and the court rendered judgment for interest from that date to the date on which the principal had been paid. The legatee appeals.

The cases which have considered the question of the date from which legacies draw interest are collected in notes found in 6 Ann. Cas. at page 525, and in Ann. Cas. 1912B at page 244. At common law a general legacy began to draw interest one year after the death

of the testator, on the theory that the executor ought to have the estate settled so as to enable him to pay legacies at the expiration of that period. There were exceptions to this rule not necessary to mention here. Where probate proceedings are governed and regulated by statute, as in this state, a legacy does not draw interest until payment of the legacy could be legally demanded, unless a different provision for interest is made either by the will or by the statute.

In Huntsman v. Hooper, 32 Minn. 163, 20 N. W. 127, it was held that a legatee could not maintain an action to recover his legacy until the probate court had ordered it to be paid. After considering the statutes then in force, the court said:

"We think that the manifest theory of our statutes governing the administration of estates, is that the rights and claims of all persons interested in the estate of a decedent are to be determined and passed on, in the first instance, by the probate court; and that all moneys, whether to creditors, legatees, or next of kin, are to be paid out of the estate upon order or decree of that court first duly made."

While many changes have been made in the statutes governing the probate of estates since that decision, the theory there explained persists through all these changes. The legislative intent that no claim against an estate shall be paid until it has been allowed by the probate court, and that the estate, other than certain allowances to a widow or minor children, shall not be assigned or distributed, either in whole or in part, until ordered by that court, stands out more clearly in the statutes as they now exist than it did in the statutes there considered. The appellant did not apply for an order for the payment of his legacy until December, 1919. While the probate court might, perhaps, have made an order for its payment without waiting for such an application, the court did not do so. It is obvious, therefore, that the appellant has no lawful claim for any greater amount of interest than was allowed him by the district court, and the judgment of that court is affirmed.