The plaintiffs here ask a review of a judgment of the circuit court of Kent county, made on the hearing of an appeal from an order of the probate court in the estate of Payson M. Doty, deceased. Payson M. Doty died October 28, 1916, leaving a last will and testament in which his widow, Fannie E. Doty, was nominated executrix. On the 9th of November, 1916, she was appointed special administratrix, and continued to act in that capacity during the litigation which followed. She offered the will for probate and on the 24th day of September it was admitted as the will of the deceased. An appeal was taken to the circuit court by Clara Seeger, daughter of the deceased. The trial there resulted in a verdict that the instrument offered for probate was not the will of the deceased. The case was reviewed by this court and the judgment of the circuit court reversed in Re Doty's Estate, 212 Mich. 346. It was again called for trial in the circuit court, and after the taking of some testimony the jury was instructed to return a verdict sustaining the will. No *Page 118 
further action was taken by the contestant and the case was remitted to the probate court where the proceedings here involved were then begun on the filing of a petition by the plaintiffs. The subject-matter of the petition, so far as is necessary to an intelligent understanding of the questions for our consideration, is concisely stated by Probate Judge Higbee in the order appealed from, as follows:
"The First Methodist Episcopal Church of Ann Arbor, in the State of Michigan, as trustee named in the will of said deceased for itself and for the Sunday school (fifth ward) 'Lower Town' of the city of Ann Arbor, Michigan, named in said will, having on January 10, 1923, filed its petition asking among other things for the removal of Fannie E. Doty as special administrator, and that she be not appointed executor of the will, or that, in the event that she is appointed, a co-executor be appointed; also that the court determine the amount of income due to the present time to this petitioner'scestui que trust, and that the special administrator be ordered forthwith to pay to petitioner for the use of its cestui quetrust one-sixth of the entire net income of said estate since decedent's death, to the date of said order; and that the special administrator be required to file a new and complete inventory of said estate; and a complete account of all her actions and doings as special administrator. And the court also having under consideration the various objections made by the petitioner to the accounts filed by the special administrator as a result of the filing of said petition by petitioner. Also the prayer of petitioner that the bill of its counsel, Swarthout Master, be allowed for services and expenses in conducting successfully the contest growing out of the probate of the will," etc.
On the hearing of the petition the probate judge refused to order the payment out of the estate of counsel fees for services of Swarthout Master in contesting the will. On appeal to the circuit court the order was in this respect affirmed.
This presents the first question for our determination. *Page 119 
Has the probate court authority to order reasonable counsel fees and expenses rendered in defending the will, to be paid out of the estate? The counsel, whose charge for services we are here considering, were not employed by the administratrix. They represented the First Methodist Episcopal Church of Ann Arbor, to which the will gave all of the estate for certain purposes after the death of the widow and daughter. But it is not important who employed them. There is no authority either in the statute or in any precedent of this court authorizing the payment out of the estate of counsel fees for services rendered in a will contest. The question of the right of an executor to employ counsel to assist in establishing a will or in defending it, and the authority of a probate court to allow payment for such services out of the estate, is thoroughly discussed in Stover v. Wayne Probate Judge, 219 Mich. 566. We there held that in this State the probate courts derive all their authority to award costs and expenses out of an estate from the statutes, and that there was no statute in Michigan conferring such authority.
Since the Stover Case the Michigan legislature has provided for the employment of counsel under certain circumstances in will contests and for the payment of their fees out of the estate (Act No. 281, Pub. Acts 1923). In view of this legislative action the question here under consideration will probably not arise in the future, but if it should, the principles enunciated in the Stover Case, except as rendered inapplicable by the recent statute, are conclusive and controlling. It should be remembered that in this State there is no legal duty resting on a nominated executor to establish or to defend a will. His only duty is to conserve the estate pending the litigation. The result of the will contest cannot in any way affect the quantum of the estate. Therefore the executor is not interested, except under the circumstances specified in the recent *Page 120 
act of the legislature, which have no application here. In all cases from other jurisdictions, cited by counsel, where fees have been allowed to be paid out of the estate, the ruling is predicated on the assumption that it is the legal duty of the executor to establish the will. We think the question here presented is controlled by the Stover Case, and that the circuit court did not err in refusing to authorize the payment of counsel fees out of the estate. It was proper for the First Methodist Episcopal Church of Ann Arbor to employ counsel to defend the will, but their fees are chargeable against the trust fund only.
Further objection is made to the judgment of the circuit judge in modifying the order of the probate court as to the widow's allowance. By virtue of the statute relative to a widow's allowance in a testate estate, the widow is entitled to an allowance for one year after her husband's death. At the time of her appointment as special administratrix the widow inquired of Judge Prescott, who was temporarily presiding in the Kent probate court, what she would be allowed to withdraw from time to time for her support, and he replied not to stint herself. Presumably acting on this advice she drew $2,230 during the first year. No other application was made for an allowance, and no order fixing the amount was entered until the filing of her final account six years later. She then asked that an order of allowance be made. In fixing her allowance at that time, which by statute is limited to one year after her husband's death, the probate judge had no better guide as to her needs than the amount she had drawn during that period under the advice of Judge Prescott, not to stint herself. That amount was $2,230. The amount to be fixed was within the sound discretion of the probate judge. We think that he made a very sensible and reasonable order under the circumstances. The circuit judge erred in increasing the allowance to $5,000. In discussing *Page 121 
this question, we have passed without deciding the several objections raised by counsel to the right of the circuit judge to consider the matter on appeal.
It is also urged that the circuit judge erred in reversing that portion of the order appealed from which required the administratrix to pay the amount due under the will to the "Lower Town Sunday school" of Ann Arbor. The will provides that after the wife and daughter of the deceased have received their shares of the net income, they should pay the balance for the benefit of the "Lower Town Sunday school." The administratrix was quite right in refusing to pay any of the income to the First Methodist Episcopal Church of Ann Arbor for the benefit of the Lower Town Sunday school, while the litigation over the will was pending, but now that the judgment sustaining the will has been remitted to the probate court and she has qualified as executrix, there is no good reason why she should withhold the payments. As the will has been sustained, that part of the income provided for the Sunday school began to accrue at the time of Mr. Doty's death. In respect to the matter the probate judge made the following order:
"That she may pay to the First Methodist Episcopal Church of Ann Arbor as trustee for the use of the Lower Town Church $7,000 (the same being 1/6 of the total net income of the estate according to Mrs. Doty's estimate, figured for 7 years at $83.33 1/3 per month) plus interest on that sum at 5% for one-half the time since Mr. Doty's death, figured to October 28, 1923; being $1,225; a total of $8,225. This amount is to be paid to said trustee within thirty days from the date of this order."
It will be noted that this order requires the payment of $7,000 principal and $1,225 interest. In view of the fact that the administratrix rightfully withheld the payments until the litigation was settled, there should be no interest allowed. The circuit judge *Page 122 
says that the item of $7,000 is "through some error greatly in excess of the correct amount," but does not state, what he considers the correct amount. If the amount determined by the probate judge is wrong, he has authority to correct it in accordance with the facts. In his opinion the circuit judge says that, "it is the widow and daughter who have the right and the duty to select such Sunday school in the designated portion of Ann Arbor as in their judgment will answer the terms of the will." The judgment follows this conclusion. He was clearly in error. There is no question as to what Sunday school the testator had in mind, nor is there any doubt as to its connection with the First Methodist Episcopal Church of Ann Arbor. Considered in its entirety, the will plainly shows that this church was to have charge of all funds provided for the "Lower Town Sunday school." The conclusion of the circuit judge in respect to this portion of the order appealed from is not supported by any evidence. Except as to the matter of interest, the order of the probate court should be affirmed.
Complaint is also made as to the action of the circuit judge in reversing the order of the probate court requiring the administratrix to file a new and complete inventory of the estate. We think the order of the probate judge was reasonable and should be complied with. The circuit judge was wrong in reversing it.
The other objections to the findings and order of the circuit court are without merit. They require no discussion.
The judgment is reversed in part and affirmed in part. The plaintiff First Methodist Episcopal Church of Ann Arbor will have costs.
CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred. *Page 123