In Re Estate of Samuel Sharpless.

Ada S. Stutsman, Administratrix, Appellee, v. Samuel S. Schell, Appellant.

EXECUTORS AND ADMINISTRATORS: Legacies—Payment—Interest. An estate is not liable to interest on a legacy when the legatee acquiesces in an agreed long delay in probating the will and accepts a collateral agreement for the payment of his legacy, and when no undue delay in probating the will under the agreement is made to appear.

Headnote 1: 40 Cyc. p. 2106.

Headnote 1: 11 R. C. L. 242.

*Appeal from Johnson District Court.*—R. G. Popham, Judge.

October 19, 1926.

Objections by Samuel Sharpless Schell to the final report of administratrix with the will annexed of the estate of Samuel Sharpless, deceased, based upon alleged insufficient allowance of

interest on legacy of $1,000 to objector. The final report was ap-. proved, and the objector appeals.—*Affirmed.*

*Milton Remley,* for appellant.

*Wilson & Evans* and *W. H. Stutsman,* for appellee.

MORLING, J.—Samuel Sharpless made a will in 1868, and another one in 1901. He died in 1901. The will of 1901 was offered for probate. The widow contested. Her contest was sustained, and probate of the will of 1901 was denied by the probate court. An appeal was taken to this court, and in 1904, the judgment was reversed, and the case remanded for new trial. In 1905, an agreement was made by which the widow accepted the provisions of the will of 1901, and waived the enforcement of the will of 1868. By the will of 1901 she was given the income from the estate, and by the agreement she was assured of an adequate and sufficient support out of the estate, even though the income should be insufficient, the remaindermen (proponents) agreeing to make up any deficit. By the agreement all the remainder was to belong to them. It was agreed that the proponents should not press the will for probate during the widow's lifetime, but that the proceedings should be suspended during her lifetime, and that she and they should jointly control and manage the estate, and after her death they should be permitted to probate the will. The widow died in 1915. Procedendo was not filed until after her death. The widow appears to have been appointed administratrix with the will annexed, but made no report. After her death, a report was filed by her executor, showing that she had paid out $3,229.34 more than she had received in money. After her death, the remaindermen brought suit to establish the agreement of settlement and to probate the will of 1901. That case came to this court, and was decided in favor of plaintiffs (remaindermen), February 18, 1919. One of the remaindermen, Ada Sharpless Stutsman, was appointed administratrix with the will annexed on April 21, 1919. The will of 1901 contained the following provision:

"First. After the payment of my just debts, including my funeral expenses and expenses with my last sickness, I will, de-

vise and bequeath to one Samuel Sharpless, a namesake of mine, who now resides in the state of North Dakota, $1,000.''

It is conceded that the objector, Samuel Sharpless Schell, is the legatee intended. The widow informed him ''that, notwithstanding the refusal of the court to admit the will of Samuel Sharpless dated May 11, 1901, to probate, she would pay the $1,000 legacy left to him in said will, and that he need not appear in said litigation.'' Objector did not appear in the litigation or the estate proceedings until he filed these objections, April 29, 1922, nor did he contribute to the expense of the litigation. The final report states that the administratrix is unable to locate Samuel Sharpless Schell, and that she makes payment of the bequest to the clerk. The objections to the report are that the legacy became due within a reasonable time after decedent's death, and that the remaindermen have had the use of the legacy since the agreement alleged to have been made in October, 1904, and objector is entitled to interest from that date. A collateral inheritance tax of $50 was assessed against the legacy, as of 1902. The present administratrix paid it in 1922, with interest amounting to $67.18, a total of $117.18. The court held that ''the interest on said legacy from the date there could possibly be any liability on the part of said administratrix, to the date of the filing of her said final report, would be less than the amount of the collateral inheritance tax and the interest,'' approved the report, and ordered the clerk to pay to objector $1,000 in full.

Objector claims that the legacy became due within a reasonable time after the death of decedent, and demands interest from that time. He claims one year after death to be a reasonable time. No other date or time is put forward in argument as the date from which interest should be computed, although it is asked in argument why the will was not probated at the time of the widow's death, in 1915. The question is, When was objector entitled to have the legacy paid? He apparently contented himself with the widow's agreement to pay the legacy, and her assurance that he need not appear in the litigation. If, on retrial of the contest, the jury had again found, as they did on the first trial, that the decedent was incompetent to make the will of 1901, and judgment had been entered finally denying probate, objector would not have had any legacy, unless the widow had paid it to

him under her agreement. He was willing to let the court proceedings and the arrangements of the parties take their course. He made no objection to them, and never demanded that the probate proceedings be pressed, and never asked for the probate of the will. His right to the legacy results from the agreement and the performance and enforcement of it by the remaindermen. Can it be said that the legacy was due and should have been paid in 1902, or, as he claims in his objections, in 1904, or at some later date from which a computation of interest would entitle him to more than the $117.18? No other date is pointed out. Objector was not entitled to payment of the legacy while the judgment denying probate was in force. It cannot be said, on this record, that, if the agreement with the widow for postponing probate had not been made, the objector would ever have been entitled to the legacy. Verdict and judgment on a second trial might, for all this record shows, have been the same as on the first trial. Hence the objector's right to the legacy is founded on the agreement. Not only this, but he has acquiesced in the agreement, together with the widow's agreement with him. By the agreement on which his right is founded, the will could not be probated and the legacy could not be paid until after the widow's death. After she died, the remaindermen met with obstructions to the probate, which they had to overcome by an action. This action proceeded through the trial court and through this court before the right to enforce the agreement and probate the will was established, and before the will could be probated. It is not shown that there was any unnecessary delay in the prosecution of this action, or in securing probate after the final decree was obtained. The administratrix was appointed April 21, 1919. She gave notice of her appointment on July 8, 1919. It is not shown that this was unnecessary, or that the estate, by reason of the prior administration, or otherwise, could have been settled in less time than was taken. The statute did not require the payment of legacies until the expiration of the twelve months allowed for filing claims. Section 3357, Code of 1897. Objector made no demand for payment of his legacy, and did not object to the delay. It therefore cannot be said, on the record, that the objector was entitled to final payment until the expiration of such reasonable time after July 8, 1919, as might be necessary to make final report and procure its allowance. The

final report was filed in less than two years from that date. The legacy was paid into court, or at least payment offered. The interest for the 21 months or so on $1,000 would be less than the amount conceded to be owed by objector for collateral inheritance tax. Objector complains that the estate during this time had greatly increased in value, and that the remaindermen have profited therefrom, as well as from the rent. As we understand the record, the remaindermen have not profited from the rent. The bank stock is worth $13,400, and the land has sold for $78,000. The remaindermen, however, took the risk. They agreed to allow the widow the rents and profits during her lifetime, and assured her of an adequate and sufficient support, agreeing to make good any deficit that should arise from the failure of the income to properly and adequately support her in the manner to which she was accustomed,—at least their father made this agreement for them, and made advances from his own funds. The bank stock might have turned into a liability. The land might have depreciated. The objector was contented to let the remaindermen take all the risk, while he was protected by the agreement of the widow from assuming any risk. We are of the opinion that he cannot complain that the venture has resulted in a profit to the remaindermen.

The will reads, "after the payment of all my just debts, including my funeral expenses and expenses with my last sickness, I will, devise and bequeath" to objector $1,000. By the terms of the will, the legacy was not payable until after the payment of such debts and expenses. See *Estate of James,* 65 Cal. 25 (2 Pac. 499). The record does not show when these debts were paid.

"Strictly speaking, interest on a legacy is in the nature of damages or compensation to a legatee for withholding payment of a gift after it is due according to the terms of the will. If not then paid, the estate of the testator or the executor of his will is liable as any other debtor for legal interest from such date; and this is true, although the estate be not ready for final settlement, or the money with which to pay it be not yet available. The interest so exacted and paid is no part of the testator's gift, but is the penalty imposed upon the failure to pay it when due." *Buchanan v. Hunter,* 166 Iowa 663, 669.

"The courts quite generally hold that a legacy, in the ab-

sence of restrictions, statutory or otherwise, will bear interest after one year from the testator's death, or the admission of the will to probate. The time of such payment, however, may be postponed or accelerated by the requirements of the will." *Security Sav. Bank v. Williams,* 188 Iowa 904, 913.

See *Packer v. Overton,* 200 Iowa 620.

In *In re Doty's Estate,* 231 Mich. 115 (203 N. W. 865), it is held that the administratrix was right in refusing to make payments on a legacy while litigation over the will was pending, and that no interest should be allowed while payment was thus withheld.

In *Wiley v. Lockwood,* 151 Minn. 372 (186 N. W. 699), following *Huntsman v. Hooper,* 32 Minn. 163 (20 N. W. 127), it was held that payment of a legacy could not legally be demanded until the probate court had ordered it to be paid, and that it did not bear interest until payment might legally be demanded, unless the will made a different provision.

We are of the opinion that the judgment is right, and it is— *Affirmed.*

De Graff, C. J., and Stevens and Albert, JJ., concur.