IN RE ESTATE OF L. M. MANN.

ELTON E. MANN, Appellee, v. BEN E. MANN et al., Executors, Appellants.

No. 40676.

APRIL 10, 1931.

*E. S. Tesdell,* for appellants.

*R. R. Nesbitt,* for appellee.

GRIMM, J.—In February, 1930, the appellee, Elton E. Mann, filed in the district court of Polk County, Iowa, an application for an order requiring the executors to pay a legacy. By the provisions of the will of the deceased, L. M. Mann, the plaintiff was entitled to a legacy of $5,000, to be paid in five equal annual installments, the first payment to be made one year after the death of the testator.

It does not definitely appear when the testator died, but, on January 2, 1924, the executors paid the plaintiff $1,000 in cash on the bequest as the first installment. On November 13, 1929, they paid $4,000 of the bequest by conveying to the plaintiff a house and lot in the city of Des Moines. The deed contained the statement that it paid the remainder of this bequest

except interest thereon, if any, and the claim in question was thereafter filed, asking that the executors of said estate be requested to pay this accumulated interest.

The court found that there was due the plaintiff interest in the sum of $588, and also found that the plaintiff was entitled to six per cent interest on said sum of $588 from the date of the order approving the claim, which was March 4, 1930.

The record of the testimony is very brief. It tends to show that at the time of the trial there were several thousand dollars of unpaid costs of administration, including administration fees for two or more years and attorneys' fees.

There was also pending in court an application to set aside the order of one of the trial judges for the sale of a farm, in which application a tender was made for the return of the money received by the estate from the sale. The executors at that time did not have in possession sufficient money to pay the taxes due on the property belonging to the estate.

The will contained approximately 65 devises. The bequest to the plaintiff was in the form of a codicil, made several months after the will.

I. Inasmuch as the principal of the legacy had been paid, partly in cash and partly in property, prior to the trial, we are not called upon to decide when, under the meager facts set out  in the record, the legacy of the plaintiff should have been paid, nor is it seriously contended by the appellants that the plaintiff should not receive simple interest upon the face of the legacy from one year after the testator's death until payment. In appellants' argument there appears the following:

"We have not disputed appellee's right to *allowance of* interest. All we object to is that we are required to pay this interest claim *now*, out of its order, and to pay *compound* interest. Under the decisions of this and other courts, interest is chargeable on a money bequest from the date it should be paid, as provided by the will."

This court said, in *Buchanan v. Hunter,* 166 Iowa 663:

"Strictly speaking, interest on a legacy is in the nature of damages or compensation to a legatee for withholding pay-

ment of a gift after it is due according to the terms of the will. If not then paid, the estate of the testator or the executor of his will is liable as any other debtor for legal interest from such date; and this is true although the estate be not ready for final settlement, or the money with which to pay it be not yet available. The interest so exacted and paid is no part of the testator's gift, but is the penalty imposed upon the failure to pay it when due.''

In *Security Sav. Bank v. Williams*, 188 Iowa 904, this court said:

''The courts quite generally hold that a legacy, in the absence of restrictions, statutory or otherwise, will bear interest after one year from the testator's death, or the admission of the will to probate. The time of such payment, however, may be postponed or accelerated by the requirements of the will.''

See, also, *In re Estate of Sharpless*, 202 Iowa 386. There was no error in allowing interest.

II. The order of the court contains, among other things, the following:

''And the executors of said estate are hereby ordered and directed to pay the same [the interest and compound interest].''

It is the contention of the appellant that, upon the record in this case, the court was in error in ordering and directing the executors to *pay* the said interest, in addition to *allowing*

the same. It is claimed that to comply with the order of the court would be to prefer the claim of the plaintiff over the many other legatees whose legacies were previously fixed in the will of the testator.

It is the position of the appellee, in argument in this court, that:

'' 'The ordering and directing' the executors to pay is a mere part of the form of the order itself, and all the matters referred to by appellant might be set up in defense of *enforcing* the court's order, but have no place in this case on the issue of whether or not the claim should be allowed.'' (Writer's italics.)

At all events, the plaintiff is not entitled to the payment

of this interest except in its order. At most, it is but a part of the legacy. Section 11981 of the Code of 1927 provides as follows:

*"Order of paying legacies.* If the testator has not prescribed the order in which legacies are to be paid, and if no security is given as above provided, in order to expedite their time of payment, they may be paid in the order in which they are given in the will, where the estate is sufficient to pay all."

Moreover, there is here a showing that much of the costs of the estate has not yet been paid. There is no further showing of the condition of the estate. It may be that there will not be sufficient funds with which to even pay all the legacies in full. No direction for the payment of this interest should be made, except to direct it paid in its proper order: that is to say, as and when other similar claims are to be paid. See 2 Williams on Executors (9th Ed.) 653; 40 Cyc. 2061.

The order of the court will, therefore, be construed to mean an allowance of the claim and a direction for its payment in its order only, and it is so modified. This shall not preclude the trial court from subsequently, upon a proper hearing, with necessary parties and a satisfactory showing, ordering payment of this claim at any time.

III. The trial court not only allowed interest on the bequest, but the order contains a provision for six per cent interest on said allowance of interest from the date of the order. In other words, from the date of the order of the trial court, there is an allowance of interest on interest on the legacy of the plaintiff.

In *Aspinwall v. Blake,* 25 Iowa 319, this court said:

"While the debtor's obligation to pay the interest at the maturity of the principal debt may be as great as to pay the principal itself, yet he has contracted to pay interest upon the principal only, and the law will not raise an implied contract binding him to pay interest upon interest after the principal becomes due."

See, also, *Rew v. Independent Sch. Dist.,* 125 Iowa 28 (l. c. 38).

An eminent authority says

"The interest on legacies is to be computed upon the principal only, and not upon the principal and interest." 2 Williams on Executors (9th Ed.) 749.

See, also, 33 Corpus Juris 191, Section 36; *Morris v. Morris, Admr.,* 4 Gratt. (Va.) 293; 40 Cyc. 2107.

We have carefully examined all of the authorities cited by the appellee, and we find them all easily distinguishable from the case at bar. In many of them, it appears that the executors wrongfully mingled the money which should have been paid as a legacy to the legatee with the private funds of the executor, or invested them for the sole use and benefit of the executor, or were guilty of acts of misconduct in failing or refusing to account for the money belonging to the legatee. Others are determined upon a record of default of a promise to pay interest at a definite time. There is here no provision, in terms, to pay any interest, at any time. The lower court was in error in ordering the payment of interest on interest, and the order is modified accordingly.—*Modified and affirmed.*

FAVILLE, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.