POWER EQUIPMENT, INC., Appellant,

v.

Edward D. TSCHIGGFRIE d/b/a Tschiggfrie Excavating, Appellee.

No. 89–1237.

Supreme Court of Iowa.

Sept. 19, 1990.

James A. O'Brien of Conzett & O'Brien, Dubuque, for appellant.

Gary K. Norby of O'Connor & Thomas, P.C., Dubuque, for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

CARTER, Justice.

Plaintiff, Power Equipment, Inc., who sells and services excavating equipment, appeals from the district court's denial of its right to collect interest or finance charges on the unpaid account of defendant, Edward D. Tschiggfrie. After considering the arguments of the parties, we conclude that the district court failed to resolve certain factual issues necessary to a proper determination of the controversy. We therefore reverse the judgment and remand the case to the district court for further proceedings consistent with this opinion.

The record reveals that for several years defendant purchased parts and services from plaintiff for use in defendant's excavating business. These purchases were on credit. Items purchased and equipment which had been serviced were picked up at plaintiff's place of business by defendant's employees. In so doing, these employees ordinarily, but not always, signed plaintiff's copy of an invoice form. On this form, it was stated that, in consideration for the granting of credit, defendant agreed to pay a specified finance charge in the event the prices stated in the invoice were not paid within thirty days.

The present dispute involves transactions which took place between October 1983 and October 1985. During this period, the finance charges stated on the invoices varied somewhat. Some invoices recited that a two percent finance charge would be applied monthly. Some invoices indicated a 1.5% monthly finance charge. Other invoices specified a 1.5% monthly finance charge on unpaid balances up to $500 with a 1.25% monthly finance charge on balances exceeding that amount. During the time defendant was actively purchasing plaintiff's goods and services, he was billed monthly on his outstanding indebtedness. In most, but not all cases, a finance charge was added to the unpaid balance. The balance to which such charges were applied included unpaid finance charges from prior months. Defendant consistently refused to pay any of these finance charges and advised plaintiff of his intention not to do so.

Plaintiff commenced the present action on March 27, 1989, for the alleged unpaid balance due from defendant on the account. This was more than three years after the latest transaction shown in the account. In answering this claim, defendant disputed the underlying balance, disputed plaintiff's right to impose any finance charge, and in the alternative, questioned plaintiff's right to compound interest by placing finance charges on prior unpaid finance charges. Defendant also asserted affirmative defenses of setoff (by way of counterclaim on an unrelated transaction), accord and satisfaction, and laches.

Following trial, the district court determined the balance due for the invoice cost of goods and services. It further deter-

mined that Iowa Code section 535.11(6) (1989) prohibited the compounding of finance charges. Relying on section 535.-11(8), the court concluded that, as a consequence of imposing a finance charge in violation of section 535.11, plaintiff was not entitled to collect any finance charges—not even those charges which would have been legal in the absence of the prohibited compounding. The court did, however, allow plaintiff interest at the rate specified in Iowa Code section 535.2(1)(f) (1989), commencing six months after the latest transaction shown in the account. The court fixed the amount of recovery on defendant's counterclaim and set that amount off against plaintiff's judgment. Plaintiff has appealed, contending that it is entitled to a more substantial recovery of interest or finance charges.

I. *Written Agreement to Pay a Finance Charge.*

█ The primary issue presented by the appeal is whether plaintiff's right to recover interest or finance charges is controlled by Iowa Code section 535.2(2)(a)(5) (1989) or Iowa Code section 535.11 (1989). Subparagraph (2)(a)(5) was added to section 535.2 by an amendment contained in 1982 Iowa Acts chapter 1153, section 4. That amendment prospectively changed the result of our decision in *Muchmore Equipment, Inc. v. Grover*, 315 N.W.2d 92 (Iowa 1982) (approving forfeiture of interest in a business transaction in which excessive finance charge was imposed). The amendment allows a person borrowing money or obtaining credit for business or agricultural purposes to agree in writing to pay any rate of interest.

Plaintiff strenuously urges that, when defendant's employees signed the invoices which stated that a specified finance charge would be imposed as a condition for granting credit, this constituted a written agreement sanctioned by section 535.-2(2)(a)(5). Defendant disputes this contention. It argues that the conditions under which its employees signed these invoices were not such as to create any contractual liability on his part. He characterizes those transactions as mere receipts for goods and services received. Defendant also urges that the type of transactions involved in the present case does not fall within the language "borrowing money or obtaining credit for business or agricultural purposes" as used in section 535.-2(2)(a)(5).

Plaintiff urges that in relying on section 535.11 the district court ignored the first sentence of that statute which provides for its application "[e]xcept where the parties have agreed in writing for the payment of a different finance charge or rate of interest." He contends that unless we also ignore this language we must hold that the agreement shown on the invoices controls over statutory provisions otherwise applicable. We agree with plaintiff's contention that the law permits a section 535.2(2)(a)(5) agreement with respect to the type of transactions involved in the present dispute. Whether such an agreement was established, however, was an issue of fact for the trial court.

There are some circumstances which tend to confirm that defendant did agree in writing to pay a specified finance charge. These include the rather clear language contained in the invoices, the fact that most of these invoices were signed by defendant's employees, plaintiff's pattern of billing defendant in keeping with the invoice language, and the fact defendant continued to deal with plaintiff for some time in the face of that pattern. Given the totality of circumstances, however, we cannot say that a written agreement to pay a given finance charge was established as a matter of law.

Circumstances which militate against a finding that a written agreement existed with respect to finance charges include the facts that plaintiff did not always require that the invoices be signed, nor did it always assess the finance charges on goods and services in accordance with the amount specified in the invoice for those particular items. Also tending to negate the presence of an agreement is defendant's consistent assertion of nonliability for these finance charges throughout the period of dealing.

## II. *Failure of Trial Court to Resolve Critical Factual Issue.*

Although we have carefully reviewed the trial court's findings and conclusions in their entirety, we are unable to find any indication that the factual issue relating to the applicability of section 535.2(2)(a)(5) was ever therein resolved. Nor do we believe that this is a case where an omitted finding of fact may be inferred from the result as has been done in some cases. *See, e.g., Grall v. Meyer,* 173 N.W.2d 61 (Iowa 1969). It is quite possible in the present case that the district court believed that section 535.2(2)(a)(5) was inapplicable to the disputed transactions under any circumstances and therefore deemed it unnecessary to determine whether the alleged agreement in writing existed.

 Although an omitted ruling on an issue of law may sometimes be cured by this court's ruling on that issue, *see Barnes v. Iowa Dep't of Transp.,* 385 N.W.2d 260, 263 (Iowa 1986), this is not possible with respect to an omitted finding of fact in a law-tried case. Such omission requires a remand to the district court so that the fact-finding may first be made in that forum.[1] In the present case, we conclude that this may be done on the existing record. *See Busker v. Sokolowski,* 203 N.W.2d 301, 304 (Iowa 1972).

## III. *Matters Which are Established as a Matter of Law.*

 In resolving the factual dispute concerning the existence of a written agreement, the district court shall heed certain conclusions which we do make as a matter of law. First, we do not believe that on the evidence presented it is possible to find a written agreement to pay a specified finance charge with respect to amounts owed for goods and services described in the unsigned invoices. Second, we conclude that, if the trial court finds that the signed invoices constitute an agreement to pay a specified finance charge, the language which was employed may not be interpreted as authorizing the compounding of interest. Compounding is prohibited absent an agreement between the parties which speaks directly to the matter of compounding. *See Aspinwall v. Blake,* 25 Iowa 319 (1868).

In determining the applicability of section 535.2(2)(a)(5), we believe each invoice must be considered separately; and if found to be a written agreement to pay a finance charge, it shall only govern the payment of finance charges for those goods or services described in that invoice. In so holding, we are not negating the power to contract under section 535.-2(2)(a)(5) as to a series of transactions, including future transactions. We are simply recognizing that the language of the invoices does not suggest that this was done in the instant course of dealing.

## IV. *Right to Recover Finance Charge in Absence of Written Agreement.*

 With respect to any of the transactions for which the trial court on remand fails to find a section 535.2(2)(a)(5) agreement, plaintiff's right to impose and collect a finance charge shall be determined in accordance with Iowa Code section 535.11 (1989). The right to impose a finance charge under that statute turns, in part, on whether proper notice was given to the debtor as required in section 535.11(2)(b).[2]

---

1. Plaintiff preserved the issue of the court's failure to find material facts in a motion filed under Iowa Rule of Civil Procedure 179(b).

2. That statute provides:
 *b.* In a transaction that is not subject to the Truth in Lending Act, the creditor shall give written notice to the debtor at the time the debt arises. The notice shall be contained on the invoice or bill of sale evidencing the credit transaction, and shall disclose the rate of the finance charge and the date or day of the month before which payment must be received if the finance charge is to be avoided. With respect to open accounts, this notice shall be given at the time credit is initially extended; provided that additional advance notice in writing shall be given to the debtor not less than ninety days prior to any change in the terms of the agreement or of rate of the finance charge or date payment is due. For purposes of this paragraph, notice is given if the invoice or bill of sale is delivered with the goods, whether or not the debtor is present at the time of delivery.

That determination, if reached, will also require additional findings of fact by the trial court which are not discernible in its original decision. It is possible, we believe, for plaintiff's invoices to qualify as a valid notice under section 535.11(2)(b) even if the trial court finds that they do not constitute a written agreement within the meaning of section 535.2(2)(a)(5). Under the former statute, one notice may be sufficient to qualify a series of transactions for similar treatment in regard to assessing finance charges.

 If the trial court's findings on remand place the case under section 535.11, rather than section 535.2(2)(a)(5), and the court further finds that a valid section 535.-11(2)(b) notice has been established, plaintiff is entitled to recover a finance charge consistent with the provisions contained in that notice but not to exceed the maximum amount permitted under section 535.11(3) or (4), whichever is deemed applicable based on the trial court's supplemental findings. The fact that the notice of finance charge on a particular invoice may exceed the maximum amount allowable under the latter statutes shall not work a forfeiture under section 535.5. Such forfeiture is only applicable where the excessive finance charge "has been contracted for." A negative finding by the court under section 535.2(2)(a)(5) (which is required to trigger the applicability of section 535.11) serves to negate that requirement.

As to transactions, if any, for which the trial court finds that there was neither a written agreement under section 535.-2(2)(a)(5) nor a valid notice under section 535.11(2)(b), the court shall limit the recovery of a finance charge on those transactions to interest on the aggregate of such items at the rate and for the time provided in section 535.2(1)(f).

## V. *Other Issues.*

The findings and conclusions of the trial court on all other issues raised on this appeal have also been considered. We conclude that the action of the trial court with respect to those matters should be upheld. This includes the trial court's awarding of section 535.3 interest on the total recovery (principal plus interest or finance charges) from the date of filing.

For the reasons discussed, the judgment of the district court is reversed and the case remanded to that court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**