## In Re Julia F. Woodward's Estate.

May Term, 1903.

Present: Munson, Start, Watson, Stafford, and Haselton, JJ.

Opinion filed January 26, 1906.

*Wills—Pecuniary Legacies—Interest.*

Pecuniary legacies draw interest after one year from the death of the
testator, unless the will provides otherwise.

This rule applies notwithstanding the fact that the final settlement of
the estate is delayed by litigation instituted by the legatees who
claim the interest.

Appeal from the final decree of the Probate Court dis-
tributing the estate of Julia F. Woodward.   She deceased at
Westminster, September 29, 1899, leaving a will which was
duly probated by the Probate Court within and for the district
of Westminster in the State of Vermont, on the third day of
February, 1900.   Ira B. Holton, Abbie I. Buck, and Anna O.
Phelps, who were heirs at law of the deceased and also lega-
tees under said will, appealed from the probate and allowance
of said will, which appeal is dated February 8, 1900.   The
cause was tried by jury at the September Term, 1901, of Wind-
ham County Court, and resulted in a verdict and judgment
establishing said will.   Exceptions were taken by said contest-
ants to the Supreme Court.   While the case was pending in
Supreme Court, said exceptions were waived, and on Decem-
ber 12, 1901, said judgment of the county court establishing
said will was affirmed and certified to said Probate Court.
Such proceedings were then had in said Probate Court that
said court made a final decree of distribution of said estate on
the theory that the specific cash legacies should draw interest
after one year from the death of the testatrix.   From this

decree the executor of said will appealed to the Windham County Court. Said court, at the April Term, 1903, *Tyler*, J., presiding, rendered judgment on the theory that said legacies should draw interest after one year from the final establishment of said will be said judgment of the Supreme Court. To this judgment said legatees excepted.

*E. L. Waterman, J. L. Martin,* and *E. W. Gibson* for the legatees.

Where no time is fixed by the will, in the absence of statute, a legacy is payable at the expiration of a year from the testator's death, and draws interest from that time. 18 Am. & Eng. Enc. 792, 793; *Marsh* v. *Hagen,* 1 Edw. Ch. 174; *Rotch* v. *Emerson,* 105 Mass. 431; *Webster* v. *Hale,* 8 Ves. Jr. 410; *Wood* v. *Penoyre,* 13 Ves. Jr. 333; *Loring* v. *Woodward,* 41 N. H. 391; *Ayer* v. *Ayer,* 128 Mass. 577; *Smith* v. *Lambert,* 30 Me. 140; *Ogden* v. *Pattee,* 140 Mass. 82; *Benson* v. *Maude,* 6 Madd. 15; *Sitwell* v. *Bernard,* 6 Ves. Jr. 539; *State* v. *Crossby,* 69 Ind. 203; *Tichenor* v. *Tichenor,* 4 N. J. Eq. 39; *Hart* v. *Williams,* 77 N. C. 426; *Moore* v. *Davidson,* 22 S. C. 92; *Welch* v. *Adams et al.,* 9 L. R. A. 244; *Davis* v. *Crandall,* 101 N. Y. 311; *Kent* v. *Dunham,* 106 Mass. 586; *Miller* v. *Congdon,* 14 Gray 114; *Thorn* v. *Garner,* 113 N. Y. 203; *Pollard* v. *Pollard,* 1 Allen 390; *Dawes* v. *Swan,* 4 Mass. 208.

This rule will not yield even if the legatees have delayed the settlement of the estate by litigation. *Welch* v. *Adams et al.,* 9 L. R. A. 244; *Kent* v. *Dunham,* 106 Mass. 586; *Powell* v. *Drake,* 19 D. C. 338.

*C. C. Fitts* and *Arthur C. Spencer* for the estate.

As the accounts filed in this case show, the estate yielded less than three per cent. on its funds. Now, if the contention of these specific legatees is sustained it results in their getting six per cent. interest on their legacies during the time they were themselves making an unsuccessful contest to hold up the estate, which can only secure less than three per cent. It is easy to see that conditions might arise with bequests of large enough size in which it would be to the advantage of interested parties to make a contest simply for the gain in interest that would result from it. The equitable and reasonable rule is that interest on these legacies to the defendants should commence one year after the final establishment of the will.

MUNSON, J. The case calls for a determination of the time from which interest should be allowed on legacies given without testamentary provision governing the allowance. The final allowance of the will which gave the legacies in suit was delayed by an appeal from the decree of the Probate Court and the taking of exceptions to the Supreme Court. The county court allowed interest after the expiration of one year from the time when the will was finally established.

This Court has undertaken to state the rule governing the allowance of interest on legacies in two cases of comparatively recent date—*Bradford Academy* v. *Grover,* 55 Vt. 462; and *Baptist Convention* v. *Ladd,* 58 Vt. 95, 4 Atl. 634. In neither of these cases was the Court called upon to determine the rule. In *Bradford Academy* v. *Grover,* it was said that legacies ordinarily draw interest after one year from the death of the testator; but there the will directed the payment of interest after the happening of a certain event, and the scope of the decision was merely that the general rule may be controlled by an express provision of the will. In *Baptist Con-*

*vention* v. *Ladd,* the Court stated the rule as follows : "Legacies in this State, unless otherwise controlled by the will, draw interest after one year from the probate of the will." In this case the legacy had been paid, and the Court held that the payment was so made and accepted that there was an accord and satisfaction. The payment was long after the expiration of one year from the probate of the will, and no interest whatever was included in the payment. It being considered that no interest was recoverable, it was not necessary to determine the amount, and no use was made of the rule as stated. There are some well established exceptions to the general rule, one of which was considered in *Smith* v. *Moore,* 25 Vt. 127; but a review of these exceptions is not essential to our inquiry.

The rule adopted by the ecclesiastical courts, which has become the settled rule of the common law, requires the payment of interest after one year from the death of the testator. But in states where the statute allows one year from the granting of letters for the payment of debts and legacies, it is generally, but not universally, held that legacies draw interest only after the expiration of a year from the issuance of the letters. Some of these statutes are specific as regards the time of payment, while others are similar to ours. Our statute does not itself fix a time for the payment, nor forbid the payment before a specified time, but authorizes the Probate Court to allow a time which shall not in the first instance exceed one year, and provides for an extension of the time when the circumstances of the estate require it. We think that statutes of this character were not intended to change the rule regarding the allowance of interest on legacies. This view was taken, and persisted in, by the more prominent Surrogate Courts of New York, until the contrary was unmistakably adjudged by the Court of Appeals. *Matter of McGowan,* 124 N. Y. 526.

The same view was afterwards taken by the New Jersey Court, in an opinion based expressly upon the reasoning of the New York surrogates. *Davison* v. *Rake,* 45 N. J. Eq. 767.

It has always been considered that convenience requires the adoption of some definite general rule to govern cases of this class, and it has always been conceded that any rule that may be adopted will work some inequality, and perhaps hardship, in exceptional cases. Courts have therefore been content to adopt such rule as seemed to them most likely to prove reasonable and convenient in cases generally. It seems unnecessary to consider the various reasons that have been advanced in support of the rule which determines the time by the death of the testator. It may be that some of them have little force when the rule is applied in connection with the administration laws generally prevailing in this country. But the rule has certain advantages which we consider sufficient to overcome all objections. It bases the allowance of interest upon an initial point that cannot be moved by the various accidents of settlement; and thus enables a testator to give certainty to his bequests without the use of special provisions. It accords substantially with what may properly be considered the intention of a testator whose will is silent as to interest; for it is doubtless true that wills are ordinarily made in expectation of the usual course of settlement. But if the probating of the will or the granting of letters is made the controlling factor, the value of a bequest may be lessened by a postponement of payment without interest, on the happening of a great variety of contingencies which the testator cannot be supposed to have had in contemplation. When this takes place the scheme of the ordinary will is reversed, and the more favored bequests are lessened in value to increase the residuum.

Whatever the rule in this State may have been heretofore, we hold that pecuniary legacies draw interest after one year from the death of the testator, unless the will provides otherwise.

This case cannot be made an exception on the ground that the contest which delayed the settlement of the estate was participated in by the legatees who are claiming the interest. *Kent v. Dunham,* 106 Mass. 590.

*Judgment reversed, and judgment for the face of the legacies with interest after one year from the death of the testatrix; to be certified.*