EVELYN M. D. CLAFLIN *vs.* ARTEMAS H. HOLMES, executor & trustee.

Suffolk.    March 3, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Executor and Administrator.    Devise and Legacy.    Interest.    Power.*

A testatrix, the will of whose husband contained a provision that the principal of a trust fund, of which she had the income during her life, after her death should be paid to such person or persons in such proportions as she should by will appoint, bequeathed the residue of her estate, including specifically the property over which she had such power of appointment, to her "executors and trustees . . . in trust" for certain enumerated purposes, the eleventh of which read as follows : "To pay to D. . . . the sum of $5,000." The executor paid D. the $5,000 three years and eleven months after the death of the testatrix. *Held*, that D. was entitled to interest at the rate of six per cent per annum upon $5,000 from a year after the death of the testatrix.

The fact that, because of a contest by a legatee, the probate of a will is delayed for over a year does not affect the right of such legatee to interest on a legacy payable to him at the expiration of a year from the death of the testator.

CONTRACT, for interest at the rate of six per cent per annum from the date of the death of the defendant's testatrix upon the amount of a bequest to the plaintiff. Writ in the Superior Court for the county of Suffolk dated March 10, 1908.

The case was heard by *Lawton*, J., without a jury, upon an agreed statement of facts, from which it appeared that the defendant's testatrix, Angie N. Allen, by the will of her husband was given a power of appointment by will over the principal of a fund placed in trust for her benefit during her life in the following language : " After the decease of my said wife, one half of the principal of said Trust Estate is to be paid over and conveyed to such person or persons and in such proportions as my said wife shall by will appoint." Angie N. Allen died on March 14, 1904, and her will was presented for probate by the defendant. Its proof was opposed by the plaintiff and others on the ground of alleged fraud and undue influence of the defendant, the contest being carried from the Probate Court to the Supreme Judicial Court. The will was allowed on April 22, 1905.

The tenth clause of the will gave the residue of the estate, "including my share of the principal of the Trust Fund established by my late husband . . . over which  . . I have the right and power of appointment" to "my executors and trustees . . . in trust" for various purposes, the eleventh of which is quoted in the opinion.   The $5,000, which was directed to be paid to the plaintiff in the clause thus quoted, was paid to her by the defendant on February 12, 1908, and, before this action was brought, he paid her the further sum of $114 "which," the agreed facts state, "the plaintiff has applied in partial satisfaction of the sum claimed to be due her for interest."

The property, out of which the $5,000 was paid to the plaintiff by the defendant, netted during this period only two per cent income to the defendant.   It "was managed with due care by agents approved by all parties in interest," and "no more income could have been secured."

On the foregoing facts, the judge ruled that the plaintiff was entitled to interest at the rate of six per cent per annum from the expiration of one year from the death of the testatrix, found for the plaintiff in the sum of $760 and reported the case for determination by this court.

The plaintiff contended that she was entitled to interest at the rate of six per cent per annum on the sum given to her, from the date of the death of the testatrix.   The defendant contended that the plaintiff was entitled to no more than the actual income of that part of the property held in trust which the gift represented, and further that such income should be allowed from the date of the ascertainment and transition of the residue into the defendant's hands as trustee, as distinguished from executor ; and that, if interest at six per cent should be allowed, it should be allowed only from one year after the death of the textatrix.

*C. A. Williams*, (*M. Williams* with him,) for the plaintiff.

*A. D. Hill*, (*F. Sulloway* with him,) for the defendant.

KNOWLTON, C. J.    The decision of the question whether interest is to be paid on the legacy of the plaintiff in this case, and if so, from what date, depends upon the construction of the will of the testatrix, in reference to the legacy, and the appointment made by her under the will of her husband, Aaron H. Allen.

In legal effect the legacy does not differ from an ordinary pecuniary legacy in a will. Property to a considerable amount, derived in part from the remainder of her estate after the payment of debts and certain legacies, and in part from a fund of which she had a power of appointment under her husband's will, was given by her will to her executors and trustees, in trust to pay fourteen different pecuniary legacies, each of which was set forth in terms similar to those of the legacy to this plaintiff, which are as follows : " XI. To pay to Evelyn M. A. Dailey, [the plaintiff] if she shall survive me, the sum of five thousand dollars."

The fact that a part of the money from which this legacy was to be paid was to be derived from the fund appointed to her executors under the power did not change the character of the legacy, or the time when it became payable. Such legacies ordinarily become payable at the expiration of one year from the testator's death, and interest is to be allowed on them from that time. *Ogden* v. *Pattee*, 149 Mass. 82.

There was no reason, in the terms of this will, why these legacies mentioned in the fourteen subdivisions of the tenth clause should be paid earlier than that time, nor was there any reason why their payment should be postponed to a later date.

That there was delay in the probate of the will, even though it was caused by a contest against the allowance of it carried on by the plaintiff and other members of her family, does not affect her right to interest on her legacy from the time when it became payable. *Kent* v. *Dunham*, 106 Mass. 586.

*Judgment for the plaintiff on the finding.*