Hillsborough, ⎱
Dec. 3, 1929. ⎰

FRANK FOSTER & a., *Trustees, v.* JOHN R. McLANE, *Adm'r &c.*

FRED B. MONROE & a., *Trustees, v.* SAME.

*Ralph G. Smith,* for the plaintiffs.

*McLane, Davis & Carleton* and *Peter Woodbury* (*Mr. Woodbury* orally), for the defendant.

ALLEN, J. It is the general rule that interest runs on a pecuniary legacy beginning one year after the testator's death, although the executor may properly fail, and even have no right, to pay the legacy by such time. *Kent* v. *Dunham,* 106 Mass. 586, 590; *Ogden* v. *Pattee,* 149 Mass. 82; *Claflin* v. *Holmes,* 202 Mass. 157; *In re Woodward's Estate,* 78 Vt. 254; *In re Peck's Estate,* 96 Vt. 183; *Esmond* v. *Brown,* 18 R. I. 48, 49; *Barber* v. *Westcott,* 21 R. I. 355; *Colt* v. *Colt,* 33 Conn. 270; *In re Rutherford,* 196 N. Y. 311; *Powell* v. *Drake,* 19 D. C. 334; *O'Leary* v. *Smock,* 95 N. J. Eq. 276; *In re Eichelberger's Estate,* 170 Pa. St. 242; *Brandon's Will,* 164 Wis. 387.

In *Dennison* v. *Lilley,* 83 N. H. 422, the general rule for paying interest on legacies is stated to be based upon a view of interest as compensation allowed by law for the deprivation of a legacy beyond the period when it is payable according to the will or by statute, and

the right to receive interest is an incident to the legacy itself. If the will here had expressly provided that interest should be paid after the lapse of a year from the testator's death, the interest would be an incident of the legacy, and it at least may not be said to be inconsistent with the testator's intent for the law to furnish a rule of like effect to go by when the will is silent on the point. The rule is regarded as more just and practical as herein defined than a contrary or limited rule, and no good and sufficient reason appears for not declaring it as the rule here in force.

As the tender of the principal of the legacies by its terms required the plaintiffs to waive their claim for interest, it was ineffective to stop the running of the interest. *Robinson* v. *Batchelder*, 4 N. H. 40, 46. "A tender of a sum less than the creditor claims to be due, is not effectual if it is coupled with such conditions that acceptance by the creditor involves an admission that no more is due." 26 R. C. L. 641.

*Exceptions overruled.*

All concurred.