**ROTHSCHILD, Estate of, In re.**

Probate Court, Hamilton County.

No. 158641. Decided March 1, 1948.

Nichols, Wood, Marx & Ginter, Cincinnati, for applicants.

Clark & Robinson, Cincinnati, for James R. Clark, executor of estate of Rose Rothschild, deceased.

## OPINION

By DAVIES, J.

In this case the court is asked to determine under what circumstances a legatee in an estate in Ohio is entitled to interest on a pecuniary bequest. The following questions are presented for consideration:

1. When, and from what date, is a legatee entitled to interest on a general pecuniary legacy?

2. When, and from what date, is interest payable on a testamentary annuity?

3. In those cases in which interest is payable on pecuniary bequests or annuities, does the bringing of a suit to contest a will, either by a legatee or some other interested party, which delays distribution by a personal representative to a legatee, stay the running of interest on such bequest or annuity during the pendency of said suit?

The parties have agreed upon the following facts:

"It is hereby stipulated between James R. Clark, executor of the estate of Rose Rothschild, deceased, and the applicants, Gertrude Ehrman, Myra Young, Helen Young Pollock, Pearl Rothschild Schwab, Milford E. Abel, administrator of the estate of Jane Schwab Abel, and James Clemenger, administrator of the estate of Elise Schwab Clemenger, that in connection with the application heretofore filed by said applicants for an order requiring said executor to pay their legacies together with interest, the following facts may be considered to be true. All parties reserve the right, however, to object to the relevancy or materiality of any said statements:

"1. Rose Rothschild died April 23, 1945.

"2. On May 10, 1945, the will and codicils of Rose Rothschild were admitted to probate by this court, and on said date James R. Clark was appointed and qualified as executor of her estate.

"3. Under said will and codicils said applicants were bequeathed legacies as follows:

" 'Gertrude Ehrman, $100.00 per month during her life.

" 'Myra Young, $5000.00.

" 'Helen Young Pollock, referred to in the will as Helen Young, $5000.00.

" 'Pearl Rothschild Schwab, $10,000.00.

" 'Jane Schwab Abel, who was referred to in said will as Jane Schwab, and who is now deceased, the applicant, Milford E. Abel, being administrator of her estate, $5,000.00

" 'Elise Schwab Clemenger, who was referred to in said will as Elise Schwab, and who is now deceased, the applicant, James Clemenger, being the administrator of her estate, $5,000.00.'

"4. The heirs-at-law of Rose Rothschild, consisted of a brother and the descendants of four sisters. The applicants, Gertrude Ehrman and Myra Young, are both daughters of one of said deceased sisters, and in the event of intestacy, each of them would have been entitled to a one-fifteenth (1/15th) share of the estate of Rose Rothschild.

"5. Helen Young Pollock is the daughter of Myra Young, and grandniece of Rose Rothschild, but was not an heir-at-law of Rose Rothschild, and in the event of the intestacy would not have been entitled to any share of her estate.

"6. Pearl Rothschild Schwab is the stepdaughter of Rose Rothschild, though referred to in the will as a daughter, but was not an heir-at-law, and, in the event of intestacy, would not have been entitled to any share of the estate of Rose Rothschild.

"Jane Schwab Abel and Elise Schwab Clemenger, both now deceased, were the daughters of Pearl Rothschild Schwab, and hence were not heirs-at-law of Rose Rothschild, and in the event of her intestacy, would not have been entitled to any share of her estate.

"7. On November 5, 1945, an action was commenced in the Common Pleas Court of Hamilton County, Ohio, Case No. A-95251, to contest the will of Rose Rothschild. The action was brought, as plaintiffs, by all of the heirs-at-law who had not been given legacies under the will. The attorneys for the plaintiffs, were the firms of Kunkel and Kunkel, and Paxton and Seasongood. Subsequently, one of the heirs-at-law who had been given a legacy, Milton Ullman, joined in said suit as a party plaintiff, being represented by the firm of Rendigs and Fry.

"8. None of the applicants were parties plaintiff in said will contest suit. All of them were named as defendants. None of them filed an Entry of Appearance or other pleading.

"9. The said Pearl Rothschild Schwab, who was represented by the firm of Nichols, Wood, Marx & Ginter, had filed an action in the Common Pleas Court of said county against James

R. Clark as executor of the estate of Rose Rothschild in the sum of One hundred thousand ($100,000.00) dollars, which she claimed to be due her from the estate for services rendered the decedent.

"10. Said will contest case was postponed several times at the request of the attorneys for the plaintiff. The attorneys for Pearl Schwab, in her action against the estate of Rose Rothschild, had requested the executor of the estate of Rose Rothschild to permit her case for services on behalf of Pearl Schwab to be tried after the will contest case, and the executor had agreed to this request and had consented that the will contest action be tried first.

"The attorneys for Pearl Schwab were notified each time that the attorneys for the plaintiffs in the will contest action requested continuances; were notified of the respective dates set for the trial of the will contest action, and did not object to said continuances. Said will contest action finally came to trial on March 31, 1947.

"11. In the course of said trial the applicants, Pearl Rothschild Schwab and Helen Young Pollock were called to the witness stand by the attorneys for the plaintiffs, who stated that they wished to cross-examine them. The attorneys for the executor objected to this on the ground that if counsel for plaintiffs called these witnesses, they were his own witnesses. This objection was overruled by the trial judge who ruled that since Pearl Rothschild Schwab and Helen Young Pollock were defendants, they could be cross-examined, to which ruling counsel for the executor excepted. These parties were also questioned by James R. Clark, attorney for the executor. None of the other applicants were in Cincinnati during the course of the trial.

"12. At the time of the trial and at the present time, all of the applicants were and are represented by the firm of Nichols, Wood, Marx & Ginter as attorneys, and said attorneys were present in the court room throughout substantially all of said will contest action, and the attorneys for the applicants sat at counsel table next to, and at times conferred and consulted with, the attorneys for plaintiffs.

"13. On April 11, 1947, the plaintiffs and the defendants in said will contest agreed upon a compromise settlement, and a consent verdict was thereafter entered upholding the will. The plaintiffs filed a motion for a new trial, but when the settlement was consummated, their attorneys endorsed an entry overruling said motion. Said entry was placed of record on April — 1947, and no appeal was ever taken therefrom.

"14. With the consent of the attorneys for the applicants,

the amount of the agreed settlement was paid by the executor to Kunkel and Kunkel, the attorneys for the plaintiffs in the will contest action, and was by them divided among all of the heirs-at-law, other than Robert Ullman, a nephew of said decedent, who waived any part of the amount paid in settlement, said payments to the other heirs-at-law being made in the proportions agreed upon among them.

"The applicants, Helen Young Pollock, Pearl Rothschild Schwab, Milford E. Abel, administrator of the estate of Jane Schwab Abel, and James Clemenger, administrator of the estate of Elise Schwab Clemenger, if permitted to testify, would testify that they received no part of said settlement money.

"If permitted to testify, the applicants Gertrude Ehrman and Myra Young would testify that they received such shares of the settlement money as they would have received if Rose Rothschild had died intestate as to said money, except as their shares were increased by the aforesaid waiver of Robert Ullman.

"15. As of September 25, 1947, the executor paid to the applicants the principal amount of their legacies, less Ohio inheritance tax. The executor paid to Milford E. Abel, and James Clemenger, as administrators, interest on the legacies of Jane Schwab Abel and Elise Schwab Clemenger, computed from May 10, 1946 (one year after the appointment of the executor) to said September 25, 1947. No interest has been paid on the legacies of any of the other applicants.

"The legacies of the applicants were paid as aforesaid, with the agreement of the executor that such payment and the receipt thereof, should be without prejudice to the rights of the applicants to such interest as the Court might find them entitled to receive for time prior to September 25, 1947."

The rule adopted by the ecclesiastical courts, which became the settled rule of the common law, requires the payment of interest after one year from the death of the testator. But in states in which a statute allows one year from the granting of letters it is generally held that legacies draw interest only after the expiration of a year from the issuance of the letters. Woodward's Estate v. Holton, 78 Vt. 254, 62 Atl. 718. In this case the court reasoned that it was the intention of the testator that settlement of his estate would be made in the usual course, and that the value of a bequest would be lessened by a postponement of payment without interest, on the happening of a great variety of contingencies which the testator cannot be supposed to have in contemplation. When this takes place, the scheme of the ordinary will is reversed and the more favored bequests are lessened in value to in-

crease the remainder. The court held that pecuniary legacies draw interest after one year from the death of the testator, unless the will provides otherwise, regardless of the pendency of a contest delaying the settlement of the estate and the participation in that contest by the legatees claiming interest. The same rule is found in O'Leary, et al. v. Smock, 95 N. J. Eq. 276, 119 Atl. 23.

In Kent, Adm. v. Dunham, et al., 106 Mass. 586, the court held that a pecuniary legacy carries interest from the time when it is due by the terms of the will or the rules of law, although the executor has not at that time assets available for the administration of the estate and is prevented from administering by impediments interposed by the legatee, and although the legatee has made no demand for the legacy. See also Welch, et al. v. Adams, et al., 152 Mass. 74, 25 N. E. 34, and Evelyn M. D. Claflin v. Artemas H. Holmes, executor and trustee, 202 Mass. 157, 88 N. E. 664.

A legacy bears interest from the end of the first year after qualification of the personal representative, although the fund out of which the legacy is payable is wholly unproductive, or there is delay in payment of the legacy due to litigation over validity of will, or obstacles are imposed by a legatee, or assets are insufficient for payment of interest. Domestic and Foreign Mission Society v. Crippled Children's Hospital, et al., 176 S. E. 193, 163 Va. 114. An unconditional general pecuniary legacy is a gift of both principal and interest, and interest is not given as a penalty for the executor's negligence, but as an incident to the legacy. State Bk. of Chicago v. Gross, 344 Ill. 512, 176 N. E. 739. One bequeathed a money legacy is in the same position as a creditor and is entitled to interest for such time as he is kept out of his payment, interest not depending upon demand or default; and even if the delay is caused by the legatee's contest of the will, it does not affect the payment of the interest as of one year from the death of the testator. In re Brandon's Estate, 164 Wis. 387, 160 N. W. 177. Interest is payable on a general pecuniary legacy from the time when the same is due and payable until the payment is made, although the delay is caused by suit of a legatee to contest the will. A residuary legatee is postponed until specific legacies are paid and the loss which the residuary legatee suffers is no more than the testator expressly provided for by preferring the general pecuniary legatees to the residuary legatees. Kostires, et al. v. Alemis, et al., 328 Ill. App 389, 66 N. E. 2nd 183.

The weight of authority in this country also supports the view that interest upon arrearages of annunities is recoverable

from the time the installments of the annuity become due and payable. 2 Am. Jur. 829. Ohio, in the case of **Gray, et al., executors v. Case School of Applied Science, 62 Oh St 1, 56 N. E.** 484, recognized the general rule outlined above that a general legacy should bear interest at the legal rate from the end of the first year from the testator's death unless it should be apparent that the testator did not so intend, or unless the Legislature has provided for some such payment of interest from a different time. The court held that Ohio had provided under revised statutes, §§**6062, 6040, 6106** and **6109 GC,** for a different time, namely, that under the provision of those statutes, a general legacy bears interest at the legal rate from the end of the first year from the date of the notice of the appointment of the executor, unless it be clearly apparent that testator did not so intend. See also **Webster v. Bible Society, 50 Oh St, 1, 33 N. E.** 297.

While the contest of a will, pending its determination, is an impediment to payment of a legacy thereunder, it does not stop the running of interest on the legacy from the date it would otherwise have become payable. Myra A. Ebersole v. David Cole, executor, 19 N. P., N. S. 507. A pecuniary legacy bears interest from the end of the first year from the granting of letters testamentary unless it be clearly apparent that the testator did not so intend. **Gudger, executor v. McKim, et al., 9 O. O.** 329. Sec. **10509-85 GC,** provides that so far as he is able, the executor or administrator shall collect the assets of the estate within nine months after the date of his appointment. Sec. **10509-138 GC,** provides that, except actions on certain claims, no executor or administrator shall be held to answer to the suit of a creditor of the deceased or other interested party until after the expiration of nine months following his appointment or the further time allowed by the court for the collection of the assets of the estate. Sec. **10504-55 GC,** provides that the election of a surviving spouse shall be made within one month after the service of the citation to elect, or if no citation is issued, within nine months of the appointment of the executor or administrator.

We conclude that in Ohio a general legacy bears interest at the legal rate from the end of nine months from the date of the issuance of letters of appointment from the Probate Court to the executor, unless it be clearly apparent that the testator did not so intend, and that a legatee is entitled to such interest from said date, unless the will provides otherwise, regardless of the pendency of a contest delaying the settlement of an estate and the participation in that contest by the legatees claiming interest. Interest upon arrearages of annuities is recoverable from the time the installment of

annuities became due and payable, which time shall be determined from the intent of the testator as shown by the terms of the will which created the annuity.

The following beneficiaries referred to in the above stipulation of facts, therefore, are entitled to simple interest at the rate of 6% per annum from February 10, 1946, upon the sums following their respective names:

Myra Young, $5,000.00.

Helen Young Pollock, also known as Helen Young, $5,000.00.

Pearl Rothschild Schwab, $10,000.00.

Milford E. Abel, administrator of the estate of Jane Schwab Abel, also known as Jane Schwab, $5,000.00.

James Clemenger, administrator of the estate of Elise Schwab Clemenger, also known as Elise Schwab, $5,000.00.

In the instant case, the testatrix, by a codicil to her will, provided an annuity for Gertrude Ehrman in the following language:

"I give and bequeath to my niece Gertrude Ehrman the sum of One Hundred ($100.00) Dollars per month to be paid to her by the trustee named in my original will dated February 11, 1936, and said $100.00 per month payments to be paid by said trustee to the said Gertrude Ehrman each and every month during her life, payments to cease upon her becoming deceased."

We find it to have been the intention of said testatrix that the payments of $100.00 per month to Gertrude Ehrman were to be made by the trustee named in the will and not by the executor of the estate. Under the Ohio law, the executor was not required to make distribution to the trustee until nine months after the date of his appointment, and the beneficiary was not, therefore, entitled to interest upon arrearages of the annuities of $100.00 per month until on and after February 10, 1946.

Gertrude Ehrman, therefore, is entitled to recover from the executor simple interest at the rate of 6% per annum upon each monthly installment of $100.00 beginning on February 10, 1946, from the time it is due and payable to her until such payment is made to her.