Edwin M. REARDON, III, Petitioner,

v.

M. M. McDOUGAL, Associate District Judge,
Judicial District 14, Tulsa County,
Oklahoma, Respondent,
and
In the Matter of the Estate of Elizabeth
R. Sharp, Deceased.

Nos. 46912, 46913.

Supreme Court of Oklahoma.

April 9, 1974.

Rehearing Denied July 23, 1974.

Rainey, Welch, Wallace, Ross & Cooper, Oklahoma City, for petitioner/appellant.

Watson, McKenzie & Miller, Oklahoma City, for respondent/appellee.

DOOLIN, Justice.

The issue in this case is whether interest shall be awarded on a legacy under a will; if so, from what date, and at what rate or rates? An ancillary issue is whether this Court can direct the trial Judge to award costs of the action, and if so, in what amount?

On March 20, 1973, this Court rendered its opinion "In the Matter of the Estate of Elizabeth R. Sharp, Deceased." See 512 P.2d 160. Petition for Rehearing was denied, and on July 5, 1973, this Court issued its Mandate to the District Court of Tulsa County commanding that court, in pertinent part, as follows:

"When we construe the language of the subject bequest as of the date testatrix

executed her last will and testament, and in the light of what the evidence shows about the situation at that time, we can come to no other conclusion than that she intended to bequeath to her brother, Edwin M. Reardon III, an amount of cash equal to the value, at her death, of the fractional part of the two Reardon Trust stocks from which she had, for several years, derived an average annual income (as hereinbefore indicated) of more than $4,000.00. As that fractional part of said stock was one-third (instead of the one-half to which Reardon laid claim), the trial court's order should have directed distribution to the Appellant, out of the testatrix' estate, of the sum of $287,769.75. This conclusion is the only one which accords with the authorities hereinbefore cited and our statutory admonition (Sec. 151, supra) to give the testatrix' intention 'effect as far as possible.'

As it is our opinion that the order herein appealed from is clearly against the weight of the evidence and resulted from a misapplication of the law to the evidence, said order and/or judgment is hereby reversed, and this cause is remanded to the trial court with directions to *properly accomplish distribution* of the above sum of money to the Appellant, Edwin M. Reardon III." (emphasis supplied.)

The Legatee moved to spread the foregoing Mandate of Record in the District Court of Tulsa County, State of Oklahoma. That District Court, in its findings at the time of Motion to Spread Mandate denied Petitioner's claim for interest in the following terms:

"The award of an amount far less than that claimed, and the failure of the Supreme Court to award interest, when the question was fairly before it, denotes a denial of the claim for interest. * * * IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Motion of Edwin M. Reardon III for Allowance of Interest on the sum of Two Hundred Eighty-Seven Thousand Seven Hundred Sixty-Nine & 75/100 Dollars ($287,769.75) at the rate of six percent (6%) per annum from September 29, 1966 to March 20, 1973, and thereafter at the rate of ten percent (10%) per annum from March 20, 1973, until paid, and for costs in the amount of One Thousand Two Hundred Forty-Two & 81/100 Dollars ($1,242.81) shall be, and is hereby denied."

In support of the interest claim, Legatee relies on Oklahoma Statutes which make legacies due and deliverable at the expiration of one year after the testator's decease. Accordingly, Legatee prayed interest on his alleged bequest from one year following the testatrix' demise, September 29, 1966. (84 O.S.1971 §§ 12 and 13). He claimed interest at 6% per annum under 15 O.S.1961 § 266 until the date of judgment, March 20, 1973, after which he claimed 10% per annum until paid under 12 O.S.1971 § 727.

Upon being denied interest and costs, Legatee timely field an appeal by Petition in Error and also sought by special proceedings a Writ of Mandamus compelling the District Judge to compute and allow the interest as provided by statutes mentioned in the preceding paragraph. Parties thereafter agreed to consolidate appeal and Application for Mandamus, which we granted.

 Legatee predicates his claim for interest on the specific legacy awarded by the Mandate of this Court and 84 O.S.1971 § 12 which reads in pertinent part:

"Legacies are due and deliverable at the expiration of one year after the testator's decease. * * *"; and,

84 O.S.1971 § 13, which reads in part:

"Legacies bear interest from the time when they are due and payable . . ."

Legatee argues that in order to "properly accomplish distribution" as used in *Sharp estate*, supra, such a distribution would have to be accomplished "in the manner prescribed by law," as defined in Ingle v. Board of County Commissioners, 274 P.2d 1021 (Okl.1954). He cites State Bar of Oklahoma v. McGhee, 148 Okl. 219, 298 P.

580 (1931), where this Court, quoting Black's Law Dictionary, defines proper as "that which is fit, suitable, adapted and correct." We find 84 O.S.1971 §§ 12 and 13, relating to interest to be awarded on testamentary legacies, are prescribed by law and fit, suitable, adapted and correct.

We also determine that the interest claim is a proper award under the Mandate of this Court, *under the facts and circumstances of this case*; and the District Judge is thus required to award interest to Legatee. This is not to say that under different and extenuating circumstances and facts that we will not consider such matters as contests of wills, complex tax matters and other thorny and burdensome problems and their possible effect upon the right of a Legatee to receive interest. We therefore hold under the facts and circumstances of this appeal as in the recent case of Benson v. Blair, 515 P.2d 1363 (1973), that:

> "A legislative directive to the trial judge to add interest to a judgment is a directed ministerial duty, the failure to perform which, being reflected in the record, is reviewable by the Oklahoma Supreme Court . . ."

In *Benson,* supra, the cause was remanded to the trial court for an award of interest according to the above rule, even though the judgment itself made no provision for such an award. The interest award asked in this case is also a legislatively directed ministerial duty of the trial judge, and should have been computed and awarded. See cases from other jurisdictions in accord: State Bank of Chicago v. Gross (1931), 344 Ill. 512, 176 N.E. 739; In Re Roberts Estate (1959) 135 Mont. 149, 338 P.2d 719; Davidson v. United States (1957) 149 F.Supp. 208, 137 Ct.Cl. 416; Kinghorn v. Athorne (1959) 102 N.H. 293, 155 A.2d 805; Williams v. Smith (1947) 146 Tex. 269, 206 S.W.2d 208; In Re Estate of Sharp (1968) 257 Cal.App.2d 851, 65 Cal.Rptr. 438.

As to costs, 12 O.S.1971 § 928 provides:

> "Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

See Baldwin v. Collins (Okl.1970) 479 P. 2d 567.

 We hold that those costs attributable to the hearing and trial on Spreading the Mandate of Record should be awarded to the Legatee for this is an appeal from an order of a trial court wherein the construction of a mandate has been interpreted, and in this sense it is a trial wherein costs are to be awarded according to 12 O.S.1971 § 928 and to the prevailing party.

 That portion of the costs as to transcript of record is prematurely before this Court. See Rule 32 of the Rules of the Supreme Court of Oklahoma, Title 12, Chapter 15, Appendix, Oklahoma Statutes.

Accordingly, this cause is reversed and remanded to the trial court with directions to compute and assess interest owed Legatee, together with proper court costs, in accordance herewith.

Reversed and remanded with directions.

All Justices concur.