In the Matter of the ESTATE OF Esther V. VADEN, Deceased.

William G. GLASS, Administrator, Appellant,

v.

Virginia G. CROSS, Appellee.

No. 59177.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 11, 1983.

Rehearing Denied Nov. 29, 1983.

Certiorari Denied Jan. 24, 1984.

Released For Publication by Order of Court of Appeals Jan. 27, 1984.

Crowe & Dunlevy by Lloyd G. McAlister, Harvey D. Ellis, Jr., Oklahoma City, for appellant.

Robert P. Kelly, Bruce W. Gambill, Pawhuska, for appellee.

ROBINSON, Judge:

This appeal is the last in a series of appeals spanning a ten-year period involving a probate action of the Estate of Esther V. Vaden. This long and multi-faceted litigation began with a petition to admit the will and codicil of Esther V. Vaden to probate on November 8, 1972, nineteen days after her death on October 20, 1972. The will provided for cash bequests to twelve individuals including Appellant and Appellee with the residue of the estate devised to Maude V. Glass, a sister of the deceased who was named executrix in the will. The codicil provided for cash bequests to the same twelve legatees named in the will, but for a lesser amount to eleven legatees. Admission of the will to probate was contested by seven nieces and nephews. Admission of the codicil was contested by a niece, Virginia G. Cross, Appellee herein.

On August 19, 1974, the trial court entered an order admitting the will to probate, denying the codicil admission to probate, and appointing Maude V. Glass executrix. Appeals were taken from both of these rulings. While these appeals were pending, three other appeals were taken involving collateral issues and rulings thereon by the trial court with final decisions in two of these appeals rendered by this Court and one by the Supreme Court.

On July 25, 1981, the Supreme Court dismissed the nieces' and nephews' original appeal of the order admitting the will to probate for failure to timely complete the record. The record on the cross-appeal concerning the denial of the admission of the codicil was completed and the cross-appeal continued by William G. Glass, Appellant herein, as substitute executor for the original executrix, Maude V. Glass, and the trial court's decision was affirmed by this Court on November 3, 1981. On February 23, 1982, the Supreme Court denied certiorari and issued mandate March 5, 1982.

On March 8, 1982, William G. Glass (Appellant), issued two checks, one for $25,000.00 and another for $5,000.00 to Virginia G. Cross (Appellee), representing the bequest owing to Appellee as legatee and assignee of another legatee's interest under the will of Esther V. Vaden. These checks were returned on the ground that they did not include interest accumulated

since October 20, 1973, one year from the death of Esther V. Vaden. On July 9, 1982, Appellee filed an application for the court to determine the amount of interest due on the bequest. The trial court held on September 7, 1982, that Appellee's legacies bore interest at the rate of 6% from October 20, 1973, until principal and interest are paid. It is this order of September 7, 1982, which is the subject of this appeal.

Appellant argues two propositions on appeal: (1) the running of interest on general legacies should be suspended until the resolution of the will contest when such will contest delays payment of such legacies beyond the time likely to have been foreseeable by the testatrix, and (2) assuming that interest is due commencing one year from the death of the testatrix, the unconditional tender of the principal due on or about March 10, 1982, should stop interest running on the amounts tendered.

## I.

Oklahoma by statute provides for the accrual of interest on legacies. 84 O.S. 1981 § 12 states in part: "Legacies are due and deliverable at the expiration of one year after the testator's decease...." 84 O.S.1981 § 13 states in part: "Legacies bear interest from the time when they are due and payable, ...." 84 O.S.1981 § 14 provides that §§ 12 and 13 "are in all cases to be controlled by testator's expressed intention." These statutes codify the common law rule, as expressed in 31 Am.Jur.2d *Executors and Administrators*, § 561: "Unless the will otherwise directs, a pecuniary legacy is ordinarily payable one year after death of the testator, at which time an unpaid legacy begins to earn interest." *See also* 97 C.J.S. *Wills*, § 1348.

The Supreme Court has only on one occasion dealt with the construction of 84 O.S. 1981 §§ 12 and 13. *Reardon v. McDougal*, 524 P.2d 342 (Okl.1974). This case, however, never squarely addressed the issue of whether a will contest should have any effect upon the common law rule (codified in Oklahoma) that legacies bear interest from one year following the death of the

testator. *Reardon* was an action to spread a mandate of record in the trial court "In the Matter of the Estate of Elizabeth R. Sharp, Deceased". The Supreme Court had previously rendered an opinion directing the trial court to "properly accomplish distribution" of a certain bequest to a legatee. The legatee in the trial court had moved for the allowance of interest on the bequest which was denied by the trial court. The legatee then appealed to the Supreme Court arguing that §§ 12 and 13 made an award of interest "proper" in accomplishing distribution of the specific legacy awarded by the mandate. In its opinion in *Reardon*, the Supreme Court stated: "We find 84 O.S.1971 §§ 12 and 13, relating to interest to be awarded on testamentary legacies, are prescribed by law and fit, suitable, adapted, and correct. We also determine that the interest claim is a proper award under the Mandate of this Court, *under the facts and circumstances of this case;* and the District Judge is thus required to award interest to Legatee." [Emphasis in original]. However, the Supreme Court went on to state that the issue presented by cases such as the one presented in this appeal were being expressly reserved for another day:

> This is not to say that under different and extenuating circumstances and facts that we will not consider such matters as *contest of wills*, complex tax matters and other thorny and burdensome problems and their possible effect upon the right of a legatee to receive interest. [Emphasis added.]

524 P.2d at 344. However, the Supreme Court, in granting the award of interest in *Reardon*, cited several cases from other jurisdictions which stand for the proposition that absent contrary intent expressed in the will by the testator, a gift of a general pecuniary legacy carries with it interest accruing from one year from the date of the death of the testator, regardless of delays in the payment of the same due to contests of the will.

In other jurisdictions there exists a split of authority as to whether a will contest,

which delays payment of a legacy past the common law or statutory rule that legacies bear interest from one year following the death of the testator, affects the right of the legatee to receive interest on the legacy from the time it is payable under the common law rule or statute. In that regard, 31 Am.Jur.2d *Executors and Administrators*, § 565 provides:

It has been said that delay in the settlement of an estate caused by a will contest will not defeat the right of a legatee to interest on a pecuniary legacy from the time when the legacy was payable even though the legatee was the contestant. But where the legatee is the caveator of the will, he has on occasion been denied interest on his legacy until final determination of the contest and probate of the will. Another holding is that interest does not begin to run until after the lapse of a reasonable time from the settlement of the will contest. [Footnotes omitted.]

Moreover, in 97 C.J.S. *Wills*, § 1357 it is stated:

While there is some authority for the view that interest on a legacy does not commence to run before the termination of proceedings for the contest of the will, it appears to be the more generally accepted rule that the fact that the payment of a legacy is delayed by the institution or pendency of contest proceedings does not affect the right of the legatee to interest on the legacy from the time it would otherwise begin to run; and it has been held that this rule applies even in favor of a legatee who opposed the will. [Footnotes omitted.]

The annotation, *Right to Interest on Legacy Affected by Contest of Will*, 74 A.L.R. 179 provides:

In numerous cases it has been held, and this seems to be the general rule, that delay in the settlement of an estate by reason of a contest will not defeat the right of a legatee to interest on a pecuniary legacy from the time when the legacy was payable—some of the cases having even gone so far as to decide that the legatee's own participation in the contest will not prevent the application of the general rule. And, as to the precise time from which interest on the legacy is payable, the authorities are generally agreed that unless the will itself, or statute, otherwise provides, the interest starts one year after the testator's death.

The annotation then lists in support of this position the jurisdictions of District of Columbia, Illinois, Kentucky, Massachusetts, New Jersey, New York, Ohio, Pennsylvania, Rhode Island, Vermont, Wisconsin, and England. The principal case discussed in the 1931 A.L.R. annotation is *State Bank of Chicago v. Gross*, 344 Ill. 512, 176 N.E. 739 (1931). There, the Illinois Supreme Court held that the fact that payment of a legacy is delayed by a contest of the will does not affect the right of legatee to receive interest on the legacy from the time it is payable one year from the testator's death, and stated as its reasoning:

The rule, therefore, which allowed interest on pecuniary legacies from the time they are due and payable, was undoubtedly the rule of the common law of England within the meaning of our statute, which makes that law a rule of decision in this state.

It is not so much that there has been improper delay in payment, but rather that the testator intends the legatee, as part of the legacy, to have the value of the use of the money, which has influenced the courts to adopt the rule giving interest on legacies. It has thus become a rule of construction that the unconditional gift of a general pecuniary legacy is a gift of both principal and interest and that the interest is given not as a penalty for the executor's negligence, but as an incident and accretion to the legacy itself.... Furthermore, the rule allowing interest is by no means as harsh on the residuary legatee as might at first appear, for, whenever long delays occur in the collection of assets in the form of securities for money, they usually bear interest. In England, as well as in most of the American jurisdictions, the rule is well established that, unless the will

clearly expresses a contrary intent, a general pecuniary legacy is regarded as due and payable one year from the testator's death and draws interest from such time.

This case was followed in *In re Estate of Eliopulos*, 328 Ill.App. 389, 66 N.E.2d 183 (1943) and *Van Brunt v. Osterlund*, 351 Ill.App. 556, 115 N.E.2d 909 (App.1953).

In *Woodward's Estate v. Holton*, 78 Vt. 254, 62 A. 718 (1906) the Vermont Supreme Court held that pecuniary legacies draw interest after one year from the death of the testator even though a will contest delaying settlement of the estate was participated in by the legatees who claimed the interest. The Court used the following rationale:

> But the rule has certain advantages which we consider sufficient to overcome all objections. It bases the allowance of interest upon an initial point that cannot be moved by the various accidents of settlement, and thus enables the testator to give certainty to his bequest without the use of special provisions. It accords substantially with what may properly be considered the intention of a testator whose will was silent as to interest; for it is doubtless true that wills are ordinarily made in expectation of the usual course of settlement. But, if the probating of the will or the granting of letters is made the controlling factor, the value of a bequest may be lessened by a postponement of payment without interest, on the happening of a great variety of contingencies which the testator cannot be supposed to have in contemplation. When this takes place the scheme of the ordinary will is reversed, and the more favored bequests are lessened in value to increase the remainder.

The Supreme Court of Texas in *Williams v. Smith*, 146 Tex. 269, 206 S.W.2d 208 (1947), also follows the above cited rule and held:

> Unless prohibited by the terms of the will or by statute, it is the general rule that pecuniary legacies bear interest from the time they are due and payable.

Interest is not imposed upon the executor or trustee as penalty for his default or neglect; nor is the right to receive affected by delay in the administration or by suit to contest or construe the will. It is awarded purely as an incident of, or accretion to, the legacy itself as compensation for the loss the beneficiary suffers by reason of the delay.

Cases from other jurisdictions supporting this rule are: *Redd v. Redd*, 22 Ky.Law Rep. 505, 58 S.W. 428 (1900); *Claflin v. Holmes*, 202 Mass. 157, 88 N.E. 664 (1909); *O'Leary v. Smock*, 95 N.J.Eq. 276, 119 A. 23, 122 A. 927 (1923); *In re Rothschild's Estate*, 66 Ohio Law Abs. 237, 114 N.E.2d 143 (1948).

Appellant, however, argues that a long and drawn out will contest, carrying interest in such sums as to substantially alter the testator's testamentary scheme of distribution as between the residuary legatee and other legatees, does violence to the rule that the testator's wishes are to be accorded primary respect. Appellee in this case is entitled to a total bequest of $30,-000.00 by the terms of the will, but if interest is allowed to accrue for almost ten years on this sum, distribution of an amount at least 50% greater than that contemplated by the testatrix will be made thereby proportionally reducing the residuary estate, and substantially altering the testatrix's testamentary scheme of distribution as between the residuary legatee and other legatees. The Appellant therefore urges this Court to develop the rule that interest does not begin to accrue until the will contest is terminated and states that there is substantial authority from other jurisdictions to support his position.

Appellant cites the case of *Goodman v. Palmer*, 137 Tenn. 556, 195 S.W. 165 (1917), wherein the court recognized the split of authority and stated:

> It is a question on which the courts are divided whether the fact that payment of legacies is delayed by a contest of the will should affect the right of the legatee to interest under the general rule.... We believe that the juster [sic] rule is

that interest in such event should allowed only from the date of the termination of the contest.

The *Goodman* court recognized that "by the general rule of the common law interest was allowable on general pencuniary legacies after one year from the death of the testator, unless the will contained provision to the contrary." Tennessee provided by statute that legacies were to be paid within two years, just as the Oklahoma statutes provide for payment within one year. However, the *Goodman* court stated that the common law or statutory rule was not inflexible and determined:

The contest is not to be deemed to have been in the mind of the testator when he formulated the proportions for his provisions for the pecuniary legatees, on the one part, and the residuary legatee on the other. The fairer inference is that he anticipated that a distribution would be made within the statutory period, and in due, usual and unobstructed course. To allow the fixed legacies to be paid, with interest calculated under the general rule, would probably be to deny the residuary legatee any part of the bounty the testator intended to bestow upon that charity. The general rule is too rigid to produce a just result when it would thus frustrate the testator's intention.

The Tennessee court concluded that:

In the pending case the distribution was delayed by a long and hard-fought contest of the will, without fault on the part of the residuary legatee; and we hold that interest on the general pecuniary legacies accrued from the date on which the final decree was entered in the chancery court terminating the contest in favor of all the legatees.

For similar reasons, other courts have found it inequitable to allow interest to accrue while the will contest was pending. In *Good Samaritan Hospital v. Mississippi Valley Trust Co.*, 137 Mo.App. 179, 117 S.W. 637 (1909), the court stated:

The real point, as we see it, is that the testator charged his estate with a certain sum in favor of the three legatees, and

there is no reason why the estate should be charged with a larger sum under the name of interest than that designated by the testator merely because the law, not the act of the executor of the will, suspended and forbade payment.... The legal probate only occurred when the will was established by the decree, and, until established, no legacies were payable. As the law and not the act of the parties suspended the payment of the legacy until the determination of the contest over the will, the administrator pendante lite, of course, having no power in the meantime to pay it over, the legacy did not fall due in contemplation of law until it was capable of being paid out by the executor under the will, and no interest is due the legatees under circumstances of this kind pending the contest.

We note, however, that when *Good Samaritan Hospital* was decided, there was no statute in Missouri providing for interest on legacies commencing twelve months from the death of the testator. Missouri has since codified the rule in 1929, although to date *Good Samaritan Hospital* has not been overruled.

Other authorities supporting the view urged by Appellant rely generally upon the same rationale as those espoused in the cases recited above and are from the following jurisdictions: Michigan (*In re Doty's Estate*, 231 Mich. 115, 203 N.W. 865 (1925); Kentucky (*Trustees of Church Home for Females and Infirmary for Sick v. Morris*, 99 Ky. 317, 36 S.W. 2 (Ky.App.1896); Iowa (*In re Sharpless' Estate*, 202 Iowa 386, 210 N.W. 528 (1926).

■ Having reviewed the authorities cited above, we agree with the underlying rationale of those jurisdictions that have adopted the rule that unless the will clearly expresses a contrary intent, a general pecuniary legacy is regarded as due and payable one year from the testator's death and draws interest from that time. The Oklahoma Legislature, by enacting 84 O.S.1981 §§ 12 and 13, has codified this common law rule; these statutes by their clear and plain language allow no exception unless a con-

trary intention appears in the testator's will. We agree with the reasoning that the right to receive interest is an incident to the legacy itself and one bequeathed a money legacy is in the same position as a creditor and is therefore entitled to interest for the time as he is denied payment. We think the rule accords with the intention of the testator for wills are ordinarily made in the expectation that the settlement of the will will not be delayed. If such a delay occurs due to a will contest, the value of the bequest may be lessened by a postponement of payment without interest. We conclude that under 84 O.S.1981 §§ 12 and 13, a general pecuniary legacy is due and payable one year from the testator's death and draws interest from such time, unless the will provides otherwise, regardless of the pendency of a contest delaying the settlement of an estate.

## II.

■ Appellant argues in his second proposition that if interest is due commencing one year from the death of the testatrix, the unconditional tender by Appellant to Appellee of the principal due ($30,000.00) on March 10, 1982, should toll the running of interest on the amount so tendered. Appellant requests that this Court overrule the precedential authority contained in *Krauss v. Potts*, 53 Okl. 379, 156 P. 1162 (1916) which holds that the unconditional tender of a lesser sum than is actually due will not prevent the running of interest thereafter on the whole principal. Appellant states that the judicial precedent is a perpetration of an old common law rule with no valid policy to commend it. We are constrained, however, to follow Oklahoma Supreme Court judicial precedent. Furthermore, we agree with the rule as Appellant has had use of the money subsequent to March 10, 1982, and the sum is most likely bearing interest at a rate much larger than the 6% legal interest rate. We therefore hold that the tender of payment of the principal only does not stop the running of interest thereafter on the amount so tendered.

For the reasons stated above, the judgment of the trial court is affirmed.

AFFIRMED.

REYNOLDS, P.J., and YOUNG, J., concur.